No. 9616.

THE STATE EX REL. J. O. HALPHEN VS. G. W. HUDSPETH AND C. DeBAILLON, JUDGES.

The decision of questions of jurisdiction belongs necessarily to the court before which they are raised, and its decision is final unless reversed by an appellate tribunal.

Mandamus will not lie to compel an inferior judge to proceed to the trial of an appealable case which he has dismissed by sustaining a plea to his jurisdiction. The remedy is by appeal.

Our jurisprudence would be revolutionized if we should hold that every right that has heretofore been enforced by appeal, and every wrong that has heretofore been redressed by appeal, may now be enforced or redressed by mandamus whenever the necessities of a suitor appears to require or invite it.

APPLICATION for Mandamus.

*E. Simon, C. H. Mouton* and *Breaux & Renoudet* for the Relator.

*H. Garland, F. Voorhies* and *R. S. Perry* for the Respondents.

The opinion of the Court was delivered by

MANNING, J. This is an application for a mandamus to Judge Hudspeth, the judge of the district court for St. Landry, and to Judge De-Baillon, of the twenty-fifth district, commanding both or either of them to proceed to the trial of the contested election case of J. O. Halphen vs. U. A. Guilbeau and T. L. Broussard.

The suit was filed in St. Martin parish, which belongs to Judge Gates' district, and he having recused himself, referred it to Judge DeBaillon, who dismissed it on an exception. We reversed his judgment last summer at Opelousas and remanded the case. Halphen vs. Guilbeau, 37 Ann. 710.

In September following, Halphen, claiming that nine months had elapsed since the recusation of Judge Gates and the reference of the case to Judge DeBaillon, and that it was still untried, applied to this

latter judge to transfer it to some other, and an order was accordingly made by him transferring it to Judge Hudspeth. This was done under sec. 5, of Act No. 40 of 1880. Sess. Acts, p. 39.

The application of Halphen was made in chambers without notice to his adversary, and the order was granted in chambers also, and thereupon the papers were transmitted to St. Landry. On September 15, Halphen entered a default before Judge Hudspeth in the St. Landry Court. Broussard had had no notice of the transfer of the case to St. Landry, but he appeared at the same term and asked that the default be set aside. He then pleaded to the jurisdiction of the Court on the ground that the order of transfer made in chambers and on an *ex parte* application was illegal; that the suit had not been reconstructed at all, notwithstanding our opinion at Opelousas *ut supra*, and that the Act of 1880 did not apply to such cases as this, wherein several pleas, motions, etc., had been made during the nine months of the suit's pendency before Judge DeBaillon, the reference judge, who had during that time acted on the case, and an appeal from his judgment had been brought before us.

Judge Hudspeth sustained this plea to his jurisdiction, dismissed the suit from his court, and ordered the papers to be sent back.

Judge DeBaillon, answering the alternative writ issued at the relator's prayers, says he transferred the suit at the relator's own demand, and that he could not do otherwise under the Act of 1880, and having transferred it he cannot take cognizance of it again until his order is annulled.

Judge Hudspeth answers that in sustaining the plea to his jurisdiction, he exercised a legitimate judicial function which is examinable on appeal therefrom, but that he cannot be compelled by mandamus to cancel and reverse it, and he is unquestionably right.

It belongs to a court to decide questions of jurisdiction arising before it, and its rulings thereon in appealable cases remain final unless corrected by the superior tribunal on an appeal taken threfrom. State *ex rel.* McGee vs. Judges, 33 Ann. 180. There is no pretence that this is an unappealable case, nor could there be. Nor is this application for relief made under Art. 90 of our present Constitution.

The remedy by appeal in this case would have been and is adequate. The relief sought could have been and may be as effectively administered by appeal as by mandamus. We could not grant the writ without first inquiring into the soundness of the judge's reasons for sustaining the plea to his jurisdiction. We are asked to do now precisely

what we should do if the case were before us on appeal, and however. .much the relator may complain of the delay to which he has been subjected, we cannot reverse the uniform and consistent rulings of this court to expedite a single suitor. We have before said it would revolutionize our jurisprudence if we should hold that every right that was formerly enforced by appeal, and every wrong that was formerly redressed by appeal can now be enforced or redressed by mandamus when an emergency seemingly requires or invites it. State *ex rel.* Morgan R. R. vs. Judge, 36 Ann. 394, and cases therein cited.

The writ is refused at the cost of the relator.