(109 So. 400)

No. 27926.

## PULLEN v. PULLEN.

### In re PULLEN.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Certiorari ⚖⟶1.**

Under Code Prac. art. 831, authorizing mandamus where slowness of ordinary forms of law might result in denial of justice, writ of certiorari can be issued in such a case as ancillary proceeding.

**2. Certiorari ⚖⟶17—Mandamus ⚖⟶52—Certiorari and mandamus will lie to review refusal of district court to exercise jurisdiction over proceeding by divorced wife to modify decree awarding custody of children to husband (Const. 1921, art. 7, § 10, subd. 1; Code Prac. arts. 831, 845, 857, 858).**

Certiorari and mandamus will lie to review refusal of judge of district court to exercise jurisdiction over proceeding by divorced wife to modify decree awarding custody of children to husband, though wife had right to appeal, in view of Code Prac. art. 831, and Const. 1921, art. 7, § 10, subd. 1, notwithstanding Code Prac. arts. 845, 857, and 858.

**3. Divorce ⚖⟶303(3).**

Court which rendered divorce decree awarding custody of children *held* to have jurisdiction to hear proceeding to modify it as to such custody, though defendant had moved from parish.

**4. Divorce ⚖⟶303(1).**

Judgment granting custody of minor children to either parent in divorce decree is not irrevocable.

**5. Judgment ⚖⟶455.**

Court that rendered judgment has jurisdiction to determine extent to which it shall be executed, or to modify it after it has become otherwise final, in so far as it is only executory.

Suit for divorce by Mrs. Clarisse L. Pullen against D. B. Pullen, in which plaintiff brought proceeding to modify decree. Plea to the jurisdiction was sustained, and plaintiff applies for writs of certiorari and mandamus to compel the judge of the District Court of the Parish of De Soto to exercise jurisdiction. Rule made absolute, and suit ordered reinstated on the docket of the district court.

Crow & Coleman, of Shreveport, for relator.

Craig, Bolin & Magee, of Mansfield, for respondent.

O'NIELL, C. J. This is a proceeding by mandamus to compel the judge of the district court for the parish of De Soto to exercise jurisdiction over a proceeding brought by the relatrix to modify a decree awarding the custody of three of her five minor children to their father, in a judgment of divorce, which she obtained against him two years ago.

In her suit for divorce, on statutory grounds, the plaintiff prayed for the care and custody of the five children, averring that, for reasons which she stated, she was entitled thereto. In his answer to the suit the defendant admitted that every allegation of the plaintiff's petition was true. Judgment was rendered on the pleadings; but, without giving any reason why the plaintiff should not have the custody of all of the children, the court gave her the custody of only two of them, and gave the defendant the custody of three, a boy 16 years of age, a boy 11, and a girl 7 years of age. The defendant moved to New Orleans, and established his residence and domicile there soon after the decree of divorce was rendered. The plaintiff remained at the matrimonial domicile in De Soto parish, and within the jurisdiction of the court that had granted the divorce, and has resided there ever since.

Two years after the decree was rendered, the plaintiff brought this proceeding, under the title and docket number of the original suit, to modify the decree so as to give her the parental authority over the boy who is now about 13 years of age and the girl, who is now about 9. She averred that the two

children, and the two who were left in her custody by the court's decree, had remained with her and under her care and custody ever since the divorce was granted; and that the father, after two years of neglect to take charge of or to provide for the two younger children, whose care and custody was intrusted to him by the court's decree, was then threatening to take them away from her. She made other allegations which, if true, would warrant an amendment of the decree so as to give her the parental authority that she claims.

The defendant pleaded that the district court for the parish of De Soto had not jurisdiction of the case, ratione personæ et ratione materiæ. The judge sustained the plea, and dismissed the suit. After applying for a new trial, and after notifying the court and the defendant in the suit, the plaintiff filed this application for writs of certiorari and mandamus.

[1, 2] The respondents ask that the rule which we issued be recalled because the plaintiff had the right to appeal from the judgment complained of. It is contended that, according to articles 845, 857, and 858 of the Code of Practice, we have no authority to issue a writ of certiorari or prohibition except to prevent another court from proceeding irregularly or beyond its jurisdiction, and then only when the complainant has no right of appeal.

Article 831 of the Code of Practice declares that the court may, in its discretion, issue a writ of mandamus in a case where the complainant has other means of relief, if the slowness of the ordinary forms of law might result in a denial of justice. In such case, the authority to issue a writ of certiorari, as an ancillary proceeding, cannot be denied. In that respect, at least, the articles of the Code of Practice, relied upon by the respondents, were superseded by article 90 of the Constitution of 1879, retained as article 94 in the Constitution of 1898 and of 1913, and as the first paragraph of section 10 of article 7 in the Constitution of 1921, giving the Supreme Court "control and general supervision over all inferior courts." Keegan v. Board of Commissioners of the Port of New Orleans, 154 La. 639, 98 So. 50. In each of the cases cited and relied upon by the learned counsel for the respondents in this case (State ex rel. Halphen v. Hudspeth, Judge, 38 La. Ann. 97, State ex rel. Parker, Governor, v. Skinner, Judge, 148 La. 143, 86 So. 716, and Brown v. Bacot, 152 La. 721, 94 So. 368) this court found that the complainant had an adequate remedy by appeal. There was no such remedy in this case. If the plaintiff had appealed from the judgment dismissing her action, the appeal would have been only a devolutive appeal, which would not have prevented the defendant's taking the children away from her if he saw fit, under the authority given him in the original decree of divorce. When a court declines jurisdiction of a case, in error of law and not on any question of fact, the plaintiff in the case has the right to invoke the supervisory jurisdiction of a higher court to compel a trial of the case. The plaintiff's only availing remedy in this case was the resort to writs of certiorari and mandamus.

[3-5] Our opinion is that the district court for the parish of De Soto has jurisdiction to hear the plaintiff's complaint and to grant the relief that she asks. A judgment granting to either parent the care and custody of his or her minor child or children, in a decree of divorce, is not irrevocable. It is subject to modification at any time when a change of conditions demands it. State ex rel. Taylor v. Jones, 113 La. 298, 36 So. 973; State ex rel. Bush v. Trahan, 125 La. 312, 51 So. 216; Walker v. Myers, 150 La. 986, 91 So. 427; Laplace v. Briere, 152 La. 235, 92 So. 881; In re Brands' Estate, Brand v. Mornhinveg, 153 La. 195, 95 So. 603; 19

S. J. 349, 350; 9 R. C. L. 476, 477. The court that has jurisdiction to determine the extent to which a judgment shall be executed, or to modify it in so far as it is only executory and not irrevocable, when the judgment has become otherwise final, is the court that rendered the judgment. Davidson v. City of New Orleans, 32 La. Ann. 1245; Denis v. Gayle, 40 La. Ann. 286, 4 So. 3; State ex rel. Rocchi v. Judge, 45 La. Ann. 554, 12 So. 914.

It is ordered that the rule issued herein be made absolute, and, accordingly, that the plaintiff's suit be reinstated on the docket of the district court for the Parish of De Soto, for further proceedings consistent with the foregoing opinion. The respondent, D. B. Pullen, is to pay the costs of this proceeding.