FOURNET, Justice.
 

 This matter is before us for consideration on a motion to dismiss the appeal on the ground that no appeal, either suspensive or devolutive, may be granted to revise, alter, or modify a judgment awarding the care, custody, and control of minor children. It is contended, in the alternative, that if any right of appeal exists, it should be a devolutive and not a suspensive appeal.
 

 The plaintiff, Mrs. Bertha Downey, obtained a judgment against her husband, Eldridge A. Downey, on March 11, 1930, decreeing an absolute divorce between them, and granting to her the permanent care, custody, and control of her minor sons, Thomas F. and Eldridge Andrew Downey, Jr.
 

 On May 16, 1935, upon motion of the defendant, Eldridge A. Downey, a rule issued, ordering the plaintiff to show cause why the judgment awarding to her the permanent care, custody, and control of the minors “should not be so revised, altered and modified so as to permit the minors, Thomas F. and Eldridge Andrew Downey, Jr., to visit with their father, Eldridge A. Downey, at his home in the Parish of East Baton Rouge, Louisiana, every Saturday and Sunday and for the entire month of July during every year, or at any other intervals deemed best in the discretion of this Court.” The district judge made the rule absolute, revising, altering, and modifying the judgment so as to permit Eldridge A. Downey, father of the minors, “to have the right of access to his children and the right to have them visit with him at his home in the Parish of East Baton Rouge, Louisiana, and to take them out on Saturday and Sunday of every week and more specifically to call for them at the home of their mother, Mrs. Bertha M. Pickens, at 9 o’clock in the morning and to return them shortly before
 
 *427
 
 dark on the days that he is permitted to take the mentioned children from the home of their mother.” Plaintiff (defendant in rule), Mrs. Bertha M. Pickens, appealed.
 

 Section 10 of article 7 of the Constitution of 1921 provides that this court “shall have appellate jurisdiction of all suits * * * involving the tutorship of minors, * * * or custody of children.” See, also, Tate v. Tate, 163 La. 1047, 113 So. 370; State ex rel. Glaser v. Vickner, 157 La. 521, 102 So. 593; Tardy v. Carra, 147 La. 98, 84 So. 508; Ex parte Ryan, 124 La. 286, 50 So. 161; Prieto v. St. Alphonsus Convent of Mercy, 52 La. Ann. 631, 27 So. 153, 47 L. R. A. 656.
 

 But counsel for mover contend in their brief that this is not a controversy affecting the custody of children, but merely the right of access of appellee to his children, and that the decision of the district judge in such matters can be reviewed only through the exercise of this court’s supervisory jurisdiction and control over other courts..
 

 In the case of Pullen v. Pullen, 161 La. 721, 109 So. 400, we held, as is well expressed in the syllabus thereof:
 

 “Certiorari and mandamus will lie to review refusal of judge of district court to exercise jurisdiction over proceeding by divorced wife to modify decree awarding custody of children to husband,
 
 though wife had right to appeal.”
 
 (Italics ours.)
 

 "Since a party has the right to appeal from a decision of the lower court declining jurisdiction over proceedings to modify a decree awarding custody of children, it appears to us that an appeal would lie from a judgment modifying such a decree.
 

 Counsel for mover have not cited any authorities in support of their theory, but argue that their view is justified by the express provisions of the Constitution (1921), article 7, § 10.
 

 We find numerous decisions of this court on the point that the Supreme Court has appellate jurisdiction involving the' legal custody of children, but only one case has been called to our attention relating, as in this case, to the modification of such a judgment, and that is the case of Jacquet v. Disimone, 175 La. 617, 143 So. 710. But the right to appeal was not raised in the case, and the court did not discuss that point.
 

 The judgment appealed from in this case grants mover, Eldridge A. Downey, the right to have his children visit with him at his home and to take them out on Saturday and Sunday of every week between the hours of 9 o’clock in the morning and dark. This certainly gives him the actual physical care, control, possession, and custody of his children during that time. To say that this judgment does not involve the custody of minors would have the effect of placing a restriction or limitation on the provisions of the Constitution. The framers of our Constitution used the term “all suits * * * involving the * * * custody of children,” thus giving the same the broadest possible meaning, and we are bound to give it the same broad construction.
 

 
 *429
 
 We are of the opinion that the judgment appealed from in this case clearly involves the custody of minor children, and the plaintiff (Mrs. Downey) had a right to appeal therefrom.
 

 The next question presented for our consideration is whether or not this right of appeal shall be limited to a devolutive one or may be suspensive.
 

 In the case of State ex rel. Glaser v. Vickner et al., 157 La. 521, 522, 102 So. 593, 594, the relator applied for a mandamus to compel a judge of the civil district court to grant a suspensive appeal from a judgment making a writ of habeas corpus absolute, and ordering the defendants to deliver over to the plaintiff his five year old child. We disposed of the matter in the following language:
 

 “Although there' seems to be no right of appeal from a judgment that does nothing more than to make a writ of habeas corpus absolute,
 
 there is a right of appeal from a judgment affecting the custody or care of a child.
 
 * * *
 

 “Whether the court of original jurisdiction in such case would ever be warranted in granting a suspensive appeal is doubtful.
 
 It is sufficient to say that the party against whom the judgment is rendered in such case has not an absolute right to a suspensive appeal, or an appeal which would stay execution of the judgment.
 
 State ex rel. Hahn v. King, 109 La. 161, 33 So. 121.” (Italics ours.)
 

 In the case of Pullen v. Pullen, supra, this court had for consideration a proceeding by mandamus to compel a district judge to exercise jurisdiction over a case brought by the relatrix to modify a decree awarding the custody of minor children in a judgment of divorce. We expressed our view as follows:
 

 “In each of the cases cited and relied upon by the learned counsel for the respondents in this case, * * * this court found that the complainant had an adequate remedy by appeal. There was no such remedy in this case. If the plaintiff had appealed from the judgment dismissing her action,
 
 the appeal would have been only a devolutive appeal,
 
 which would not have prevented the defendant’s taking the children away frcm her if he saw fit, under the authority given him in the original decree of divorce.” (Italics ours.)
 

 We have repeatedly held that, in cases affecting the custody of children, they become the wards of the court and any judgment granting to either parent the care and custody of his minor children is subject to modification at any time when a change of conditions requires it. Jacquet v. D.isimone, supra. . To grant a suspensive appeal as a matter of right from such a judgment wor-ld have the effect of withholding the natural and legal right to visit one’s child, and by a series of such proceedings and appeals a child could be kept away from the one to whom the court awarded it.
 

 For the reasons assigned, the motion to dismiss the appeal is denied, as to a devolutive appeal, but sustained as to the suspensive appeal.