187 So. 551

STATE ex rel. MARTINEZ v. HATTIER.

No. 35232.

March 6, 1939.

Frank H. Langridge, of Gretna, for relatrix.

Bernhardt C. Heebe, of Gretna, for respondent.

O'NIELL, Chief Justice.

This is a proceeding by habeas corpus, by which the relator is seeking to have his child taken from her mother and placed in his care and custody. The child is a girl only three years of age. The parents had quarreled and were separated for about five months, the father living with his parents and the mother and child with

the mother's parents, when the writ of habeas corpus was granted. On the day fixed for the hearing of the suit the wife filed a suit for separation from bed and board, on the ground that her husband had been guilty of cruel treatment of such a nature as to render her living with him insupportable. She prayed for and obtained an order from the judge giving her the provisional care and keeping of the child pending the suit for a separation from bed and board. The child was already in the care and keeping of the mother, having been with her continuously during the five months in which she was living with her parents, separate and apart from her husband. The trial of the habeas corpus suit was postponed to and heard on the next day after the suit for separation from bed and board was filed. A few days later the judge decided the habeas corpus suit, holding that the child should be given into the care and keeping of her father. The mother then obtained from this court a writ of certiorari and an alternative writ of prohibition.

■ Mr. Martinez, as respondent in the present proceeding, contends that Mrs. Martinez had a remedy by way of an appeal from the judgment making the writ of habeas corpus peremptory, and hence that this court had no authority to issue a writ of certiorari or prohibition. It is true that the general rule which forbids an appeal from a judgment making a writ of habeas corpus peremptory is not applicable to a case where the writ is employed only as an ancillary proceeding in a contest over the right to the care and keeping of a minor child; but, inasmuch as an appeal in such a case would not stay execution of the judgment, the only adequate remedy of the party complaining of the judgment is to invoke the supervisory jurisdiction of the supreme court. Tate v. Tate, 163 La. 1047, 113 So. 370.

■ On the merits of this case, Mr. Martinez relies upon article 216 of the Civil Code, which declares that a child remains under the authority of his or her parents until the child arrives at the age of majority or is emancipated, and that in case of a dispute over such authority between the parents the authority of the father shall prevail. This article has reference to cases where there is no suit pending for a divorce or for a separation from bed and board. Article 146 declares that, in suits for divorce or for separation from bed and board, if there is a child of the marriage whose provisional keeping is claimed by both parties to the suit, the provisional keeping "shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it." The reason why the judge in this case held that the provisions of article 216 of the Civil Code should prevail over the provisions of article 146, as appears from the judge's answer to this proceeding, is that there was no suit for divorce or for separation from bed and board pending at the time when the writ of habeas corpus was asked for and granted. Our opinion is that article 146 is the one which should control the question in this case, as to who is entitled

to the care and keeping of the child until the suit for a separation from bed and board is finally disposed of. The reason for that is that the suit for a separation from bed and board was filed before the suit of Mr. Martinez for the care and custody of the child was disposed of. It is very likely that the filing of the habeas corpus suit by Mr. Martinez prompted the attorney for Mrs. Martinez to hasten the filing of her suit for a separation from bed and board, in order that she should have the advantage of the provisions of article 146 of the Civil Code, with regard to her right to the care and keeping of her child. But, if Mrs. Martinez had a cause of action for a separation from bed and board, she had the right to bring her suit in time to defeat the attempt of her husband to take her child away from her before she could obtain a decree of separation from bed and board. According to article 146 of the Civil Code, Mrs. Martinez is entitled to the provisional care and keeping of her child; that is to say, until her suit for a separation from bed and board shall be disposed of finally. Whether she or her husband shall have the permanent care and keeping of the child will depend upon the outcome of the suit for separation from bed and board. The testimony taken on the trial of this suit shows that there is no "strong reason" now for depriving Mrs. Martinez of the provisional care and keeping of her child. The child is of that tender age at which a child needs a mother's care more than that of any one else. The child is in as comfortable and happy an environment in the home of her mother and ma-

ternal grandparents as the child could be anywhere else while her mother is seeking a separation from bed and board. The evidence does not show the mother to be unworthy of the care and keeping of her child, or disqualified for the responsibility. The maternal grandfather is well able financially to supply the child's wants, and he testified that he is very willing to continue supplying them.

The judgment complained of, dated February 9, 1939, granting to John F. Martinez, Jr., the custody and care and keeping of his child, is annulled and reversed, and the order dated January 31, 1939, granting to Mrs. Modest Hattier Martinez, wife of John F. Martinez, Jr., the provisional care and keeping of the child, is now reinstated.