12 So.2d 258

**WILSON v. WILSON.**
No. 36969.

Feb. 1, 1943.

Reid & Reid, of Hammond, for relatrix.
Mary Purser, of Amite, for respondent.

FOURNET, Justice.

This is a proceeding by mandamus to compel the district judge to grant a suspensive appeal from that portion of a judgment of divorce affecting the custody of one of the two minor children born of the union.

The relatrix, Mrs. Lillian Wilson, born Lewis, was married to Justin E. Wilson on June 29, 1935. Of this union two children were born—Pamela, approximately five years of age at the time this suit was first instituted, and Harry D. Wilson, II, then two years of age. Having become separated from her husband in August of 1941, on September 15 following the relatrix obtained a decree of separation from bed and board in which she was awarded the sole custody of the small boy, while the custody of the little girl was given jointly to her and her husband. She was also awarded alimony of $100 a month. Together with her husband, the relatrix placed Pamela in the custody and care of the sister and brother-in-law of Mr. Wilson, Mr. and Mrs. Bolivar E. Kemp, Jr., with whom she had previously spent a great portion of her life. The relatrix placed the boy with her mother, to whom she paid $20 a month toward his support.

On September 19, 1942, Mr. Wilson, alleging that his wife was gainfully employed in Baton Rouge, Louisiana, at the rate of $125 a month and that she contributed nothing to the support of Pamela, sought to have the amount of alimony awarded her in the judgment of separation from bed and board reduced by deleting therefrom the portion thereof that had been given her for her personal support and for the support of Pamela, thus leaving only a reasonable amount for the support of Harry D. Wilson, II. A copy of this petition and rule was served on relatrix on September 21, 1942, and, on September 24 following, the day on which the rule was made returnable, she answered the same and also filed suit for a final decree of divorce, based on the year's separation from bed and board. In this suit she asked for the permanent care, custody, and control of both of the minor children and also for the permanent alimony at the rate of $100 a month. Mr. Wilson's rule for the reduction of alimony was dismissed after due hearing and he then answered his wife's suit for divorce, contesting her right to the custody and control of Pamela. He asked that she be permitted to remain with his sister since she had lived with her during the major part of her life and continuously during the period of separation. He was particularly anxious to have her remain with his sister since she had already been enrolled in school in Amite, where his sister resided, and his wife had left the State of Louisiana to establish a residence in the State of California. He again asked that the alimony be reduced to allow for the support of his minor son only.

The trial judge, after hearing the evidence (relatrix being in California her testimony was taken by deposition), granted judgment in favor of the relatrix, awarding her the final divorce, the permanent care and custody of the boy, and alimony at the rate of $100 a month, but he declined to give her the custody of Pamela, continuing the same in her aunt and uncle, Mr. and Mrs. Bolivar E. Kemp, Jr. From this part of the judgment the relatrix sought to appeal both suspensively and devolutively. The trial judge granted her a devolutive appeal, returnable on February 1, 1943, upon her furnishing bond in the sum of $100, but he declined to grant her the suspensive appeal requested. In an effort to compel the district judge to grant her this suspensive appeal, the relatrix applied for and was granted an alternative writ of mandamus.

In his return to the rule issued by this court, the trial judge advised us that since judgments affecting the custody of minor children are never final, being subject to change whenever the conditions so warrant, he declined to remove Pamela Wilson from the custody of her aunt and uncle, with whom she had lived during the greater part of her life and continuously, by agreement of the relatrix and her husband, since the separation, for he felt that to remove her from school and her aunt at this time would cause a disruption of her environment that would be neither beneficial nor conducive to her welfare or happiness, particularly since the relatrix, who is living with a sister in San Diego, California, both of whom work during the day, would be unable to give her the necessary personal attention, while the child's aunt, having no other duties than those of a housewife, would be able to devote her entire time to the child.

In the case of State ex rel. Glaser v. Vickner, 157 La. 521, 102 So. 593, 594, the supervisory jurisdiction of this court was invoked in an effort to mandamus the district judge to grant a suspensive appeal from a judgment making a writ of habeas corpus absolute and ordering the relators to deliver to the father his five year old child. In disposing of that issue this court said:

"Although there seems to be no right of appeal from a judgment that does nothing more than to make a writ of habeas corpus absolute, *there is a right of appeal from a judgment affecting the custody or care of a child.* Section 10 of article 7 of the Constitution declares that this court 'shall have appellate jurisdiction of all suits * * * involving the tutorship of minors, *. * * or custody of children,' etc. The issuing of a writ of habeas corpus in such case does not deprive either party of his or her right to appeal from the final judgment saying who shall have the custody of the child. * * *

"*Whether the court of original jurisdiction in such case would ever be warranted in granting a suspensive appeal is doubtful. It is sufficient to say that the party against whom the judgment is rendered in such case has not an absolute right to a suspensive appeal,* or an appeal which would stay execution of the judgment. State ex

rel. Hahn v. King, 109 La. 161, 33 So. 121." (Italics ours.)

When this same question was presented to this court in the case of Tate v. Tate, 163 La. 1047, 113 So. 370, 371, this court, through the same author of the opinion in the Vickner case, said:

"The general rule that there is no right to appeal from a judgment maintaining a writ of habeas corpus is not applicable to a judgment deciding who is entitled to the care or custody of a minor child. Section 10 of article 7 of the Constitution 1921 declares that this court, 'shall have appellate jurisdiction of all suits * * * involving the tutorship of minors, * * * or custody of children,' etc. The issuing of a writ of habeas corpus in such cases is only an ancillary proceeding, which does not affect the right of appeal. * * *

"*Neither party in a suit for the custody of a minor child is entitled, as a matter of right, by appealing to this court, to stay execution of an order giving to the other party the care and custody of the child.* That is because the child, in such cases, is primarily the ward of the court having original jurisdiction; and the court's orders regarding the care and custody of the child are subject to amendment or reversal by the court that rendered them. * * * *The only means for correcting an erroneous order in such cases is for the party complaining to apply to this court for the exercise of its supervisory jurisdiction and control over other courts. * * *" (Italics ours.)

In the case of Downey v. Downey, 183 La. 424, 164 So. 160, when we had for con-

sideration the question of dismissing both the suspensive and devolutive appeals taken from a judgment whereby a former judgment awarding the custody and control of a minor child was sought to be modified, we held that under Section 10 of Article VII of the Constitution of 1921, and the jurisprudence thereunder, including the cases above referred to, judgments involving the custody and care of children are subject to appeal, but that the party aggrieved by such judgments is not entitled to a suspensive appeal therefrom *as a matter of right.*

We do not think that the relief sought by the relatrix in this case would avail her anything, since a suspensive appeal would only have the effect of leaving the custody of Pamela Wilson in status quo, that is, where it was originally placed in the judgment of separation from bed and board— jointly in the relatrix and her former husband, or, rather, with the Kemps, since the relatrix and Mr. Wilson placed her in their care after the judgment in the separation suit. Moreover, to grant the relatrix the relief sought by the action she has taken here would only delay the final determination of the merits of her suit for the custody of her daughter Pamela, which she is apparently very anxious to have decided.

For the reasons assigned, the alternative writ of mandamus issued in this case is recalled.

O'NIELL, C. J., concurs in the decree in this case and in the statement in the majority opinion that to grant the relief asked for by the relatrix in this proceeding "would only delay the final determination of the merits of her suit for the custody of

her daughter Pamela, which she is apparently very anxious to have decided." The remedy which the law affords the party aggrieved in a case like this is to bring up the transcript of appeal promptly and to move for a special assignment of the case for an early hearing. If a case should arise in which an appeal would not be an adequate or immediate remedy the judgment might be reviewed on a writ of certiorari, with a temporary stay order.