20 So.2d 309

**GUIDRY v. GUIDRY.**

No. 37249.

Nov. 6, 1944.

James P. Vial, of Hahnville, for respondent-appellant.

Melvin P. Barre, of New Orleans, for plaintiff in rule and appellee, Virgis Louviere, and for Mr. and Mrs. Gillis Louviere.

O'NIELL, Chief Justice.

This is a contest over the custody and care of a little girl, whose parents are divorced. The child is now 5 years and 9 months of age. Her father obtained the divorce and was awarded the permanent

care and custody of the child. Her mother allowed the judgment of divorce to go by default, not knowing that the suit was also for the care and custody of her child. When the petition and citation were served upon her by the deputy sheriff she asked him what it was all about, and he replied that it was a suit for divorce and that if she had no objection to her husband's obtaining a divorce she might pay no attention to the matter, but that if she desired to contest the demand for a divorce she should make an appearance in court. She had no objection to her husband's obtaining the divorce, and therefore put the citation and copy of the petition away without reading them. The child was then in the care and custody of her maternal grandparents. When the father took the child from them, after the judgment was rendered, the mother learned that the judgment awarded the custody of the child to the father. And she and her parents therefore instituted this proceeding to regain possession of the child who had been placed by the father in the care and custody of his mother.

The plaintiffs in this proceeding charged that the father was financially unable and morally unfit to have the care or custody of the child, and that his mother was partially blind and therefore incapable of giving the child the necessary care or attention. The mother claimed that her child should be given into her care and custody, or, if the court should decide that she was not entitled to have the child, then that the child should be returned to her maternal grandparents. After hearing the evidence the judge consigned the child to the care and custody of her maternal grandparents. The father of the child is appealing from the judgment. In his motion for an appeal he asked for a suspensive and devolutive appeal, on a bond for $50; and the judge signed the order of appeal as written. The appellant therefore assumed that the appeal stayed execution of the judgment ordering the child returned to her maternal grandparents; and, as the attorney for the mother and maternal grandparents did not dispute the father's claim that by appealing he had stayed execution of the judgment, the child has remained in the custody of her paternal grandmother.

■ The evidence convinces us that the father of this child is financially and otherwise unable to give her the care and attention necessary for her well-being. The evidence shows also that, for reasons not necessary to mention, he is morally unfit for the responsibility and unworthy of the trust. He claims to have contributed to the support of the child but the evidence shows that his contributions have been little or nothing. His mother's infirmity and lack of funds make it impossible for her to give the child the necessary care. The lady has had cataracts removed from her eyes, and her vision is therefore impaired. She has been separated from her husband for about 14 years, and has no financial means or income except a gratuity of $14 per month, given by the Department of Public Welfare. She pays $3.50 per month rent for a two-room house which she and the child occupy; hence she has only $10.50 per month, with which to buy the necessities of life for herself and the

child. The father has remarried. His occupation is trapping fur-bearing animals. He and his wife occupy a camp in the woods, 4 miles from the home of his mother. They visit her on weekends—not regularly but often—from Saturday afternoons to Monday mornings. In her. two-room house the kitchen is one of the two rooms.

The evidence shows that the child is suffering from neglect and malnutrition. Her mother and maternal grandparents are financially able to support and care for her. The mother is married again, and her husband is serving in the armed forces; for which she receives from the government an allowance of $62 per month. Her father is 53 years of age and her mother 52, and both are in good health. They have lived together happily and as good citizens ever since they were married—36 years ago. He works regularly, earning at least $13 a week. They had the care and custody of the child from the time she was born until the judgment divorcing her parents was rendered, ordering the child delivered to her father. Her mother and maternal grandparents are a united family, leading humble lives and having no extravagances. With the grandfather's earnings plus the mother's allowance the child will be far better off than she is with her paternal grandmother. There is no necessity for explaining here why the judge entrusted the care of the child to her maternal grandparents instead of her mother.

By consent of the father and mother of the child, after the judgment of divorce was rendered, but before the judgment ordering the child returned to her maternal

grandparents was rendered, the judge allowed the mother and the maternal grandparents to have the child in their care and custody every Sunday from 9 a. m. to 5 p. m. The child displays great happiness when the time comes for her to be taken by her mother and maternal grandparents to their home every Sunday, and entreats them to let her remain with them when the time approaches for her to be taken back to her paternal grandmother every Sunday afternoon. In her distress she cries bitterly and so loud that the neighbors hear her while her grandfather is carrying her back to her paternal grandmother. She admitted in her testimony that the child was so grief-stricken every time her grandfather brought her back that the child could not "comfort herself" and would "not even want to eat" until sometime the next day. Our conclusion is that the judgment appealed from is correct.

The father's appeal to this court should not have stayed execution of the judgment consigning the child to the care of her maternal grandparents. There is no right to a suspensive appeal from a judgment determining who shall have the care and custody of a child. State ex rel. Hahn v. King, 109 La. 161, 33 So. 121; State ex rel. Glaser v. Vickner, 157 La. 521, 102 So. 593; Pullen v. Pullen, 161 La. 721, 109 So. 400; Tate v. Tate, 163 La. 1047, 113 So. 370; Downey v. Downey, 183 La. 424, 164 So. 160; State ex rel. Martinez v. Hattier, 192 La. 209, 187 So. 551; Hattier v. Martinez, 197 La. 121, 1 So.2d 51; Wilson v. Wilson, 202 La. 520, 12 So.2d 258. The reason why an appeal cannot

stay execution of a judgment awarding to someone the care and custody of a child whose care or custody is in contest as a proper subject of litigation is that the child is always subject to the authority of the judge having original jurisdiction over the contest. In this instance the judge may order the child returned forthwith to her maternal grandparents, without awaiting an application to this court for a rehearing.

The judgment is affirmed.