HAWTHORNE, Justice.
 

 Plaintiff-appellee filed this motion to dismiss the appeal, urging that the order of appeal was not signed, and bond given pursuant thereto was not taken, within the time prescribed by law.
 

 On April 24, 1947, a judgment was read and signed in the lower court awarding to plaintiff-appellee an absolute divorce from his wife and granting unto him the permaent care, custody, and control of a minor child, Joseph C. Cressione, Jr., born of his. marriage with defendant-appellant.
 

 On May 24, 1947, Mrs. Ann Alice Millet Cressione, defendant in the lower court and appellant herein, filed a motion for a suspensive appeal from that part of the judgment only which awarded the permanent care and custody of the minor child to her husband, plaintiff-appellee herein, and the district judge on June 19, 1947, entered an order granting a suspensive appeal to this court from that part of the judgment which so awarded the care and custody of the minor child, upon defendant’s furnishing appeal bond in the sum of $100. Pursuant to this order, Mrs. Ann Alice Millet Cressione, defendant in the
 
 *348
 
 lower court, filed the appeal bond on June 20, 1947.
 

 Plaintiff-appellee contends that the appeal in this case should be dismissed for the reason that the order granting it and the appeal bond executed pursuant thereto were
 
 signed
 
 and filed more than 30 days after the date of the judgment, the judgment being dated April 24, 1947, and the order of appeal being signed on June 19, 1947, and the appeal bond given on June 20, 1947, and cites in support of this contention Article 573 of the Code of Practice.
 

 This article deals with the method of taking appeals and, among other things, provides that, where a judgment of the lower court decrees a divorce, the petition or motion of appeal must be filed within 30 days, not including Sundays, after the signing of such judgment, instead of within 10 days, and shall operate as a suspensive appeal from the judgment, and that .there shall be no devolutive appeal allowed thereafter.
 

 Although the order granting the appeal in this case was signed and the appeal bond filed more than 30 days after the judgment was rendered, this article has no application here for the reason that this appeal was taken, not from the judgment granting unto appellee a divorce, but only from that part of the judgment awarding the permanent care and custody of the minor child to appellee.
 

 Although the appeal in this case is designated as a suspensive appeal, under the well-settled jurisprudence of this state there is no right to a suspensive appeal from a judgment determining who shall have the care and custody of a child. Downey v. Downey, 183 La. 424, 164 So. 160; Guidry v. Guidry, 206 La. 1049, 20 So.2d 309, and authorities therein cited. The appeal in this case, however, is valid as to a devolutive appeal but not as to a suspensive appeal. See Charvanel v. Esvard, 150 La. 305, 90 So. 658; Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841, and authorities therein cited.
 

 For the reasons assigned, the motion to dismiss the appeal is denied as to a devolutive appeal but sustained as to a suspensive appeal; all costs of these proceedings to be paid by mover, defendant-appellee.