McCALEB, Justice.
 

 Plaintiff obtained judgment of separation from bed and board against her husband and was awarded the permanent care, custody and control of their two minor children, Robert Joseph and Melva Sandra Cox. The defendant petitioned for and was granted a suspensive appeal from the adverse decision.
 

 In this court, Mrs. Cox has moved to dismiss the appeal, in so far as it suspends execution of that part of the judgment awarding her the permanent custody of the children, on the grou'nd that, whereas such an appeal is authorized under Section 10 of Article VII of the Constitution, the aggrieved party is not entitled to have execution of the judgment stayed during the pendency of the appeal. In support of the motion, she cites Loeb v. Shanton, 168 La. 874, 123 So., 604 and Guidry v. Guidry, 206 La. 1049, 20 So.2d 309, 310, where we said: “There is no right to a suspensive
 
 *366
 
 appeal from a judgment determining who shall have the care and custody of a child. State ex rel. Hahn v. King, 109 La. 161, 33 So. 121; State ex rel. Glaser v. Vickner, 157 La. 521, 102 So, 593; Pullen v. Pullen, 161 La. 721, 109 So. 400; Tate v. Tate, 163 La. 1047, 113 So. 370; Downey v. Downey, 183 La. 424, 164 So. 160; State ex rel. Martinez v. Hattier, 192 La. 209, 187 So. 551; Hattier v. Martinez, 197 La. 121, 1 So.2d 51; Wilson v. Wilson, 202 La. 520, 12 So.2d 258.”
 

 Counsel for appellant recognize, as they must, the force of the foregoing pronouncements. But they contend that this line of jurisprudence does not govern the case because the judge has, in the exercise of his discretion, granted a suspensive appeal and that furthermore, such appeal was proper in view of the fact that the parties, by agreement made during the pendency of the suit below, stipulated that the husband was to have the custody of the boy and the wife custody of the girl until the case is finally decided.
 

 We find ourselves unable to discern the distinction between this case and the authorities holding that a suspensive appeal does not lie in matters of this kind. In the latest case (Guidry v. Guidry, supra) .the father of the little girl had obtained a divorce from the mother and was awarded the permanent custody of the child. Later, the mother instituted a rule in the divorce proceeding for custody of the child on the ground that the father was unfit and, in the alternative, prayed that she be placed in care of the maternal grandparents. After a hearing, the judge consigned the child to the custody of the maternal grandparents and the father obtained a su’spensive appeal from the judgment. We held that the judge should not have granted a suspensive appeal for the reason that, since the child in matters concerning its custody, is a ward of the court and is always subj ect to the authority of the judge having original jurisdiction, the allowance of an appeal staying execution of the judgment would necessarily deprive him of his control over the custody of the child during the pendency of the appeal.
 

 Counsel for appellant cite the case of Downey v. Downey, 183 La. 424, 164 So. 160, in support of their contention that the judge of the lower court had authority to' grant a suspensive appeal. A reading of the Downey case will reveal that it holds directly to the contrary for, there, we sustained a motion to dismiss the suspensive appeal. However, we refused to dismiss it absolutely and maintained it as a devolutive appeal. See also Loeb v. Shanton, supra, where a suspensive appeal from a judgment awarding temporary custody of a child was dismissed.
 

 We likewise find no merit whatever in counsel’s other proposition that the agreement between the husband and wife relative to the custody of the children is binding until the case is finally decided on appeal. In the first place, there is some
 
 *367
 
 doubt as to whether this agreement was intended to have effect after the matter was decided below. Moreover, even if it was so intended, it could not be recognized because the children became wards of the court having original jurisdiction (see Tate v. Tate, 163 La. 1047, 113 So. 370) and, therefore, could not validly be made the subject of a private contract between the litigants.
 

 The motion filed herein is sustained and the appeal, in so far as it suspends the execution of the order awarding to appellee the permanent custody of the minor children, Robert Joseph and Melva Sandra Cox, is dismissed. The appeal, in respect to the order concerning the custody of the aforesaid children, is maintained as a devolutive appeal.
 

 PONDER, J., recu'sed.