83 So.2d 644

**Betty Jean WASCOME**

v.

**Joseph David WASCOME.**

No. 41604.

Nov. 7, 1955.

Weber & Weber, Baton Rouge, for appellant.

Joseph A. Gladney, Baton Rouge, for plaintiff-appellee and mover.

HAMITER, Justice.

Plaintiff and defendant were married in July, 1947, and of the marriage one child was born. On February 28, 1952 the wife instituted suit for separation from bed and board grounded on alleged acts of cruel treatment. Because she had not completely recovered from the effects of a previously experienced mental illness plaintiff did not then pray that the court grant her the custody of the minor. In fact, she asked that his temporary care, custody and control be awarded to the paternal grandmother, Mrs. David C. Wascome.

On October 15, 1953 plaintiff, alleging a complete recovery from her illness and her

ability to care for the child, petitioned the court praying that the original order granting the temporary custody to the paternal grandmother be set aside and that she, the mother, be awarded the temporary and permanent custody.

After a hearing on a rule nisi the trial court rescinded such order and awarded temporary custody of the minor to the plaintiff, the judge's formal decree reciting that "said change in custody to take place as soon as this judgment becomes final." In his reasons for the judgment he had stated that " * * * this judgment granting the custody of the child to Mrs. Betty Jean Wascome is not to become executory until same becomes final by failure on the part of the defendant to appeal from the decision or until the finality has been affirmed by the Supreme Court of this State."

The defendant applied for and was granted a suspensive appeal to this court. Plaintiff has moved to dismiss the appeal.

It is well established that no suspensive appeal lies from a judgment awarding custody of children. Guidry v. Guidry, 206 La. 1049, 20 So.2d 309, Cressione v. Millet, 212 La. 691, 33 So.2d 198, Cox v. Cox, 212 La. 726, 33 So.2d 500 and Wyatt v. Wyatt, 228 La. 77, 81 So.2d 775. However, a granted suspensive appeal in a case of that nature is not dismissed in its entirety; it is given effect as being devolutive in character. Cox v. Cox and Wyatt v. Wyatt, both supra, and the cases therein cited.

Appellant, contending that the motion to dismiss should be wholly overruled and directing attention to the language of the judgment (and written reasons therefor) above quoted, argues: "Regardless of whether it is called a suspensive or devolutive appeal, one or the other lies with this Court and the custody of the child will remain as it is until this Honorable Court has passed upon the merits of this case." The question of whether such language can produce the suggested legal effect is not now presented. It will arise only in the event and when appellee seeks to enforce the custody judgment before its mentioned qualifying provisions are satisfied.

For the reasons assigned the appeal is dismissed as suspensive and it is decreed to be effective as devolutive.