JANVIER, Judge.
This matter is before us on motion of defendant-appellee to dismiss the suspen-sive appeal.
In a judgment granting to the plaintiff-appellant a divorce, the custody and control of the minor children was awarded to the defendant mother.
The plaintiff by petition prayed for and obtained an order granting to him a sus-pensive appeal. It is that appeal which the defendant-appellee seeks to have us dismiss on the ground that since the judgment of divorce was rendered in favor of plaintiff, his appeal is necessarily directed only at that part of the judgment which awarded the custody and control of the minor children to the wife.
That this is the only issue presented is made doubly evident by the answer to the motion to dismiss in which the following appears:
“That plaintiff-appellant has taken a suspensive appeal from that portion of a judgment rendered in favor of the defendant-appellee awarding said defendant-appellee the custody of the minor children of the plaintiff-appellant.”
There is overwhelming authority to the effect that: “A suspensive appeal is not authorized when judgment determines who *640 shall have care and custody of a child. Guidry v. Guidry, 206 La. 1049, 20 So.2d 309, Syllabus No. 2. In that case the Supreme Court said:
“The father’s appeal to this court should not have stayed execution of the judgment consigning the child to the care of her maternal grandparents. There is no right to a suspensive appeal from a judgment determining who shall have the care and custody of a child. State ex rel. Hahn v. King, 109 La. 161, 33 So. 121; State ex rel. Glaser v. Vickner, 157 La. 521, 102 So. 593; Pullen v. Pullen, 161 La. 721, 109 So. 400; Tate v. Tate, 163 La. 1047, 113 So. 370; Downey v. Downey, 183 La. 424, 164 So. 160; State ex rel. Martinez v. Hattier, 192 La. 209, 187 So. 551; Hattier v. Martinez, 197 La. 121, 1 So.2d 51; Wilson v. Wilson, 202 La. 520, 12 So.2d 258. The reason why an appeal cannot stay execution of a judgment awarding to someone the care and custody of a child whose care or custody is in contest as a proper subject of litigation is that the child is always subject to the authority of the judge having original jurisdiction over the contest. * * * ”
In Cressione v. Millet, 212 La. 691, 33 So.2d 198, appears the following:
“Although the appeal in this case is designated as a suspensive appeal, under the well-settled jurisprudence of this state there is no right to a suspen-sive appeal from a judgment determining who shall have the care and custody of a child. * * * ”
See, also, Moser v. Moser, 213 La. 290, 34 So.2d 782; Downey v. Downey, 183 La. 424, 164 So. 160.
In Cressione v. Millet, supra, the Supreme Court said that although the appeal was “designated as a suspensive appeal” and although the suspensive appeal must be dismissed, it is valid as a devolutive appeal, citing the following cases: Charvanel v. Esvard, 150 La. 305, 90 So. 658; Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841.
The motion to dismiss the appeal is sustained as to a suspensive appeal but denied as to a devolutive appeal.
Motion to dismiss sustained in part and denied in part.