ON MOTION TO DISMISS.
EN BANC.
SAVOY, Judge.
This matter is before the Court on a motion by plaintiff-appellee to dismiss an appeal obtained by defendant-appellant wherein the district court granted plaintiff-appellee the custody of one of the minor *610 children born of the union between ap-pellee and appellant.
In his motion to dismiss counsel for appellee states that the order of court granting appellant a suspensive appeal upon her furnishing bond in the sum of $500.00 is invalid and contrary to the provisions of LSA-C.C.P. Article 3943 which provides, in part, that a suspensive appeal shall not lie from a judgment granting custody to one of the parties to the litigation.
In the case of Cressione v. Millet, 212 La. 691, 33 So.2d 198, in which identical facts were presented as in the case at bar, the Supreme Court dismissed the appeal as a suspensive áppeal but allowed it to remain as a devolutive appeal.
In its holding the ^Supreme Court said:,
“Although the appeal in this case is designated as a suspensive appeal, under the well-settled jurisprudence of this state there is no right to a suspensive appeal from a judgment determining who shall have the care and custody of a child. Downey v. Downey, 183 La. 424, 164 So. 160; Guidry v. Guidry, 206 La. 1049, 20 So.2d 309, and authorities therein cited. The appeal in this case, however, is valid as to a devolutive appeal but not as to a suspensive appeal. See Charvanel v. Esvard, 150 La. 305, 90 So. 658; Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841, and authorities therein cited.”
The holding in the Cressione case, supra, was followed in Carlson v. Carlson, (La.App., 4 Cir., 1961), 125 So.2d 639.
For the reasons assigned, the motion to dismiss the appeal is sustained as to a suspensive appeal but is denied as to a devolutive appeal. All costs of these proceedings to be paid by mover, plaintiff-appellee.
Motion granted in part and denied in part.