SARTAIN, Judge.
Verna Winn Benoit, relatrix (appellee) filed a writ of habeas corpus seeking the custody of her minor child from Mr. and Mrs. Blassingame, respondents (appellants). The trial judge granted the writ and ordered the return of the child to the appellee from which judgment appellants have appealed. Appellee filed the instant motion seeking to have the appeal dismissed on the grounds that the same was not timely perfected. In our opinion the *303 motion is well taken and should be granted.
The judgment which is the subject of this appeal was signed on November 23, 1970. Appellants filed a motion for a new trial on January 13, 1971 which was properly denied on January 29, 1971 as untimely. C.C.P. Art. 1974. On February 10, 1971 appellants moved for a devolutive appeal and on this same date furnished the requisite bond. For the purpose of this decision the pertinent dates are November 25, 1970, the day following notice of the signing of the judgment was mailed to counsel of record by the Clerk of Court (C.C.P. Art. 1974) and February 10, 1971. Between these two dates there was a lapse of 77 days.
The issue for resolution is whether appellants had 90 days under C.C.P. Art. 2087 or 30 days under C.C.P. Arts. 3942, 3943 in which to perfect their appeal. The said articles provide as follows:
“Art. 2087. Delay for taking devolutive appeal
Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
* * * * * *"
“Art. 3942. Appeal from judgment granting or refusing annulment, separation, or divorce
An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(l)-(3).
Such an appeal shall suspend the execution' of the judgment in so far as the judgment relates to the annulment, separation, or divorce.”;
and
“Art. 3943. Appeal from judgment awarding custody or alimony
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
Appellants urge that this is a habeas corpus proceeding sanctioned by C.C.P. Arts. 3821, et seq. and that the only mention of appellate procedure in these articles is found in Art. 3831 which only prohibits a suspensive appeal and therefore the delays for an appeal in such matters must of necessity relate back to the general provisions of Art. 2087, above. They further contend that Arts. 3942 and 3943 are found in Title IV of the Code of Civil Procedure entitled “Annulment of Marriage, Separation From Bed ■and Board, and Divorce” and that the custody therein contemplated arises out of or is incidental to a separation or divorce action. Accordingly, appellants submit:
“The redactors wrote a chapter on habeas corpus. In writing it, they adverted to the question of appeal. They decided that for habeas corpus proceedings they would make a change from the general rules: no suspensive appeals. They made it: article 3831. They made no other change. The necessary conclusion is that they intended no other change. Therefore the general rule as to delay— ninety days — applies.”
We cannot agree with this statement because even prior to the adoption of C.C.P. Art. 3831 an appeal from a judgment making a writ of habeas corpus peremptory did not suspend the judgment. As stated in the Official Revision Comments, Art. 3831 was placed in the Code of Civil Procedure to codify the jurisprudential *304 rule announced in State ex rel. Martinez v. Hattier, 192 La. 209, 187 So. 551 (1939).
The use of habeas corpus to obtain the custody of a child has long been recognized as a proper procedural device even in domestic matters where other procedures, summary or ordinary, are available. State ex rel. Martinez, above. It is also well established that in a habeas corpus proceeding, where the relator has a purported legal right to the custody of the child who is the subject of the writ, the court may nevertheless place the child in the custody of another if it determines that such placement is in the best interest of the child. C.C.P. Art. 3830. State ex rel. McClary v. Stacy, 182 So.2d 119 (3d La.App., 1966).
We deem the use of habeas corpus in purely custody matters to be no different, viz-a-viz, the use of summary or ordinary means, when it comes to the question of delays for appealing a judgment depriving one custody of a child. C.C.P. Arts. 3942 and 3943, particularly as they relate to custody reflect the view that public policy requires that the custody of children be determined in the most expeditious manner possible. While these articles confirm the long standing rule that a suspensive appeal is not permitted following a judgment pertaining to custody, the articles do require that an appeal (though devolutive) be perfected on or before the thirtieth day following the delay for seeking a new trial. Prior to the adoption of the article an appeal could be taken at any time within a year of the date of the judgment. Cressione v. Millet, 212 La. 691, 33 So.2d 198 (1947).
A custody matter in whatever procedural form utilized retains its identity and C.C.P. Arts. 3942 and 3943 govern the delays for appeal. To adopt appellants’ view and hold otherwise would create a hiatus not intended by the Code of Civil Procedure. For instance, if habeas corpus is used to secure the custody of a child the ninety day delay would apply whereas if custody is obtained either by summary or ordinary process only thirty days would be available to the unsuccessful litigant.
Accordingly, for the above and foregoing reasons the motion is granted and this appeal is hereby dismissed at appellants’ costs.
Appeal dismissed.