SWIFT, Judge.
MOTION TO DISMISS
We issued, ex proprio motu, a rule to show cause directed to the plaintiff-appellant as to why his appeal should not be dismissed as having been untimely perfected under LSA-C.C.P. Art. 3943. The appellant has failed to answer the rule.
We dismiss the plaintiff-appellant’s appeal.
The plaintiff-appellant, Alvin D. Andrus, Sr., filed a writ of Habeas Corpus seeking the custody of his minor child from the defendant-appellee, Modest Barlow. On February 9, 1979, a formal judgment was rendered recalling the writ of Habeas Corpus previously issued and awarding the custody of Alvin Andrus, Jr. to the defendant-appellee, Modest Barlow. Notice of judgment was mailed on February 12, 1979; however, same was not necessary as the matter was not taken under advisement. LSA-C.C.P. Art. 1913.
On April 2, 1979, the plaintiff-appellant moved for and was granted a devolutive appeal to this court.
Plaintiff-appellant’s appeal, taken some 52 days after the rendition of judgment, is clearly untimely. LSA-C.C.P. Art. 3943 provides that an appeal from a judgment awarding custody of a person must be taken within 30 days from the applicable date provided in LSA-C.C.P. Art. 2087(1-3). Since no motion for a new trial was made in this case, plaintiff had 30 days from February 23, 1979 or until March 26, 1979 (March 25th being a Sunday) in which to perfect his appeal. The fact that plaintiff chose to proceed by means of Habeas Corpus is of no import, for it is well settled that the use of Habeas Corpus in purely custodial matters is no different from the use of summary or ordinary means when it comes to appealing a judgment granting or depriving one of custody. Benoit v. Blassingame, 249 So.2d 302 (La.App. 1st Cir. 1971), writ den., 259 La. 760, 252 So.2d 456.
For the reasons assigned, the appeal of the plaintiff-appellant is hereby dismissed at his cost.
APPEAL DISMISSED.