GARRISON, Judge.
This is an appeal from a judgment of the district court dated March 8, 1985 providing as follows:
“This cause was heard on February 25, 1985, on the return of the defendant to the Writ of Habeas Corpus issued at the instance of the plaintiff, Glenn Roy Clark to challenge the mother Vanessa Marie Eugene’s authority for the custody of the minor child, Tremayne Lamar Clark.
At the conclusion of the evidence, the court immediately rendered its judgment.
The Court being convinced from documentation (the child’s birth certificate) *1205 and by admission from plaintiff, that defendant Vanessa Marie Eugene is the same person identified on the birth record as mother of the minor child, and the child Tremayne Lamar Clark is legitimately in her custody.
IT IS ORDERED, ADJUDGED, AND DECREED that the Writ of Habeas Corpus issued on February 12, 1985 and directed to the defendant is discharged; and the plaintiffs demand to be granted the permanent care, custody and control of the minor child is rejected at plaintiffs’ cost.”
The trial court judge additionally provided the following written reasons for judgment:
“The writ of Habeas Corpus is an extraordinary remedy where the Court makes inquiry into defendant’s authority for cpntinued custody.
Although the Writ of Habeas Corpus may be used to obtain custody of a minor child, this court is of the opinion that plaintiff should proceed by ordinary process, which would allow for subpoena of witnesses, etc. to show why this mother is disqualified or unfit to maintain custody of her child.”
On appeal, plaintiff-appellant raises the following specification of error:
“The trial court erred by not immediately conducting a custody hearing and in failing to proceed to determine in said hearing whether or not plaintiff should have been granted any of the relief alternatively prayed for.”
The question of when the summary device of habeas corpus should be used to obtain child custody as distinguished from when the ordinary proceeding of a rule for custody should be used to obtain child custody has not been discussed in any length in our court system. Most discussion centers on the question of what is the proper appeal time. In Benoit v. Blassingame, 249 So.2d 302, 304 (App.1st, 1971) the First Circuit did state:
The use of habeas corpus to obtain the custody of a child has long been recognized as a proper procedural device even in domestic matters where other procedures, summary or ordinary, are available. State ex rel. Martinez, above. It is also well established that in a habeas corpus proceeding, where the relator has a purported legal right to the custody of the child who is the subject of the writ, the court may nevertheless place the child in the custody of another if it determines that such placement is in the best interest of the child. C.C.P. Art. 3830. State ex rel. McClary v. Stacy, 182 So.2d 119 (3d La.App., 1966).
We deem the use of habeas corpus in purely custody matters to be no different, viz-a-viz, the use of summary or ordinary means, when it comes to the question of delays for appealing a judgment depriving one custody of a child. C.C.P. Arts. 3942 and 3943, particularly as they relate to custody reflect the view that public policy requires that the custody of children be determined in the most expeditious manner possible. While these articles confirm the long standing rule that a suspensive appeal is not permitted following a judgment pertaining to custody, the articles do require that an appeal (though devolutive) be perfected on or before the thirtieth day following the delay for seeking a new trial. Prior to the adoption of the article an appeal could be taken at any time within a year of the date of the judgment. Cressione v. Millet, 212 La. 691, 33 So.2d 198 (1947).
A custody matter in whatever procedural form utilized retains its identity and C.C.P. Arts. 3942 and 3943 govern the delays for appeal. To adopt appellants’ view and hold otherwise would create a hiatus not intended by the Code of Civil Procedure. For instance, if habeas corpus is used to secure the custody of a child the ninety day delay would apply whereas if custody is obtained either by summary or ordinary process only thirty days would be available to the unsuccessful litigant.” (Emphasis added).
Plaintiff’s initial petition provided as follows:

*1206
“PETITION FOR A WRIT OF HABEAS CORPUS

The petition of GLENN ROY CLARK (hereafter referred to as petitioner), of full age and domiciled in the Parish of Orleans, State of Louisiana, appearing herein individually and as the natural tutor of TREMAYNE LAMAR CLARK (hereafter referred to as his minor child), respectfully represents that:
1. The defendant, VANESSA MARIE EUGENE (a/k/a MRS. VANESSA EUGENE PRICE, but hereafter referred to as defendant), has custody of his minor child and both are currently domiciled in this parish and state.
2. Defendant and petitioner are the biological and, therefore, natural parents of said minor child because he was conceived and born out of wedlock unto defendant on September 10, 1982 in Southern Baptist Hospital, New Orleans, Louisiana.
3. Acting in their capacity as the minor child’s parents, petitioner and defendant jointly executed a Notarial Act of Legitimation and furnished same to the Bureau of Vital Records, City of New Orleans, State of Louisiana, on January 18, 1983; and as a result thereof data previously reflected on the birth certificate (No. 119 — 82 53 310) of said minor child was altered and the certificate reissued correctly showing the minor child’s new status.
4. As far as petitioner knows, at the time the minor child was conceived and for a period of time after his birth, there were no legal impediments to petitioner and defendant marrying.
5. Petitioner participated in providing proper care, concern and up-keep, and has contributed funds and gifts for the support and well-being of his minor child prior to his birth and subsequent thereto; and, petitioner was periodically allowed to visit with and to have exclusive physical custody of said minor child from the moment of his birth.
6. Petitioner believes the minor child is his, loves him as such and has continually demonstrated his overall concern for his proper up-bringing and his physical, mental and emotional well-being; and, petitioner has repeatedly acknowledged same verbally and by his actions to defendant and the child, in the community and to their respective relatives.
7. Notwithstanding all of the above, defendant arbitrarily and without warning terminated all prior arrangements and visitations with petitioner in the latter part of 1984; and, has since refused to accept any further financial support and gifts which petitioner voluntarily offered for his son.
8. For all the foregoing reasons, petitioner avers that he is legally entitled to and desires that he be awarded full care, custody and control of his child or some form of joint custody, as is allowed by law. Alternatively, petitioner avers that he is legally entitled to and desires that he be awarded reasonable visitations with the child he dearly loves and has duly acknowledged.
9. Defendant’s steadfast refusal to allow any of petitioner's parental requests under the aforesaid circumstances, constitute an illegal denial of petitioner’s rights of equal authority, privilege and responsibility with respect to and for his son, and such is not in the best interest of his child.
WHEREFORE, petitioner prays that:
I. A Writ of Habeas Corpus issue herein, commanding that defendant, VANESSA MARIE EUGENE (a/k/a VANESSA EUGENE PRICE), bring the minor child, TREMAYNE LAMAR CLARK, before this court on a date and at an hour to be assigned by the court, and to state her authority for his custody; and, at the same time,
II. Defendant be deprived of and petitioner be granted the permanent care, custody and control of his minor child; or
III. Defendant be deprived of the exclusive care, custody and control of his minor child and petitioner be granted same jointly with defendant, under such *1207 conditions as the court deems appropriate; or
IV. Petitioner be granted the right of reasonable visitation, as is specifically deemed appropriate by the court; and
V. Petitioner be granted any and all such other rights, privileges and advantages, as are due a natural parent who has acknowledged a child as his own, as allowed by law.
* * * * * *
ORDER
Considering all the allegations contained in the foregoing petition, IT IS ORDERED THAT:
1. A Writ of Habeas Corpus issue herein commanding defendant, VANESSA MARIE EUGENE (a/k/a MRS. VANESSA EUGENE PRICE) to bring the minor child, TREMAYNE LAMAR CLARK, before this court on the 25th day of February, 1985 at 9:00 o’clock a.m., and to state, if any she has, her authority for his custody; and
2. To show cause, on the date and hour previously mentioned, why she should not be deprived of the care, custody and control of said minor child, and why same should not be granted to petitioner, GLENN ROY CLARK; or, why she should not be deprived of the exclusive care, custody and control of said minor child and petitioner be granted same jointly with her; or why petitioner should not be granted the right of reasonable visitation with said minor child; and, why petitioner should not be granted any and all such other rights, privileges and advantages as are due any natural parent who has duly acknowledged a child as his own.”
Louisiana utilizes the device of fact pleading. Although plaintiff titled his pleading “Petition for a Writ of Habeas Corpus”, the pleading contains the proper allegations in support of visitation and joint custody. Thus, the trial court erred in dismissing that action without hearing any evidence on those two issues.
For the reasons discussed, the judgment of the district court is amended as follows and as amended is affirmed in part and reversed in part. The case is further remanded to the district court to hold a hearing on the issues of visitation and joint custody and to render judgment thereon in accordance with the evidence and testimony presented:
“IT IS ORDERED, ADJUDGED, AND DECREED that the Writ of Habeas Corpus issued on February 12, 1985 and directed to the defendant is discharged.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the trial court conduct a full evidentiary hearing on the issues of joint custody and visitation and render an appropriate judgment thereon.”
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
CIACCIO and WILLIAMS, JJ., concurs.