POWELL & HOPKINS *v.* M. HOPSON et al.

An appeal from an interlocutory order, over-ruling a motion to dissolve an attachment, will be dismissed unless it appear that such order will work an irreparable injury.

APPEAL from the District Court of Ouachita, *Richardson*, J.
*Mathews & McFee*, for plaintiffs and appellees. *McGuire & Ray*, for defendants.

SPOFFORD, J. This appeal is premature and must be dismissed. It was taken from an interlocutory order over-ruling the defendants' motion to dissolve an attachment sued out in the case. It is only when an interlocutory judgment may work an irreparable injury to the party against whom it has been rendered, that an appeal will lie from it. C. P., 566. And the party who appeals from an interlocutory judgment, must show that such injury may flow from a refusal to entertain the appeal.

But in this case, it clearly appears from the record, that no irreparable injury can, in the ordinary course of things, result from having the interlocutory order to await the decision of the law upon its merits. No property of the defendants' appears to have been taken into his possession by the sheriff. Two persons, *Bussy* and *Douglass*, have been served with the garnishee process. *Bussy* has not answered, and it does not, therefore, appear that he owes anything to the defendants, or has anything of theirs in possession. *Douglass*, the other garnishee, has answered, and discloses that there is pending against him in the courts, an unliquidated claim in favor of *Matilda Hopson*, one of the defendants, for $2,861 50, with interests and credits. If the garnishees owe the defendants, *non constat*, that they would pay immediately, but for the garnishment. And if they are delayed by it from paying, the damages would be only the interest upon the claim of less than $4,000, which can be easily repaired, and is secured by the bond given by the plaintiffs to indemnify the defendants against all injury resulting from an illegal attachment. It is stated in the appellants' brief, the garnishee, *Bussy*, owes the defendants $10,000, he can pay over to them all but the sum claimed by the plaintiffs, (less than $4,000,) and the withholding of that for a time, cannot be an injury beyond remedy. The docket of this court is too crowded to justify us in needlessly consuming time devoted to the public service by trying cases piece-meal, where the law does not require it. This does not appear to be one of the cases that demands our summary interference.

Appeal dismissed.