(123 So. 604)

No. 30001.

**LOEB v. SHANTON.**

June 17, 1929. Rehearing Denied July 8, 1929.

Hugh M. Wilkinson, of New Orleans, for appellant.

Henry M. Gill and Charles G. Gill, both of New Orleans, for appellee.

THOMPSON, J. On motion to dismiss.

The plaintiff sued for separation from bed and board on the ground of cruel treatment.

He was given the provisional care and custody of the only issue of the marriage, a boy three years old.

The defendant answered denying the charge of cruelty and in reconvention alleged cruelty on the part of her husband and prayed for a separation from bed and board, for alimony during the pendency of the suit, and that she be given the provisional custody of the child. She was assigned a domicile in this city during the pendency of the suit.

Thereafter the defendant took a rule on the plaintiff to show cause why she should not be paid alimony at the rate of $100 per month, running from the filing of the suit until the termination thereof.

She also by separate rule called on plaintiff to show cause why the previous order giving the temporary custody of the child to the husband should not be avoided and why the child should not be delivered to her.

On trial of the two rules the demand for alimony was dismissed as of nonsuit, and the child was ordered given to the mother subject to the further orders of the court.

From the last-mentioned part of the judgment the plaintiff obtained and perfected both a suspensive and devolutive appeal.

█ In this court the defendant has moved to dismiss the suspensive appeal on the ground that a suspensive appeal does not lie from such an order which is merely interlocutory and does not work an irreparable injury.

The motion is well founded and must be sustained.

█ The order complained of is not a final judgment in any sense. It is only temporary and provisional and is subject to change, modification, or reversal at any time before final determination of the suit for separation.

The matter being within the discretion of the trial judge, it would be manifestly inconsistant, after having awarded the provisional custody of the child to one of the parents, to grant an appeal which would suspend the execution of the order until the final determination of the proceeding for separation. Such an appeal would completely destroy the force and legal efficacy of the order appealed from.

This court has held heretofore that such orders or rulings as deal with the custody of children during the pendency of separation proceedings are peculiarly within the discretion of the trial judge and are subject to change or revision by him at any and all times, until a final judgment is rendered in the case.

In the case of Courtin v. Browne, 151 La. 741, 92 So. 320, we held: "A judgment, rendered on an interlocutory hearing, awarding the temporary care, custody, and control of a minor child to one of the parties during the pendency of the main demand, involving such custody, worked no irreparable injury, and no suspensive appeal lies therefrom."

The above case was a proceeding by mandamus to compel the trial judge to grant a suspensive appeal from an interlocutory order giving the temporary care of a minor to one of the parents, and this court refused the mandamus.

The motion herein filed is sustained, and the suspensive appeal is dismissed, at the cost of appellant.