O’NIELL, C. J.
 

 (dissenting). The ruling made in this case is founded upon a similar ruling made in the case of Mrs. Marianne Meyer Ramos v. Henry Charles Ramos, No. 28,771. I dissented from the ruling in that case, and I dissented again in this case with the hope that the court would correct its error.
 

 The decision in the Ramos Case was based upon the erroneous proposition that the law did not forbid a suspensive appeal from an order compelling the husband to support his wife during the pendency of a suit for separation or for divorce, and, therefore, that the right to appeal suspensively from such an order existed by implication. But the law does forbid a suspensive appeal from such an order, not only because it is only an interlocutory order, and cannot possibly cause irreparable injury, but because, in its very nature, the order is one which- must be obeyed during the pendency of the suit and therefore cannot be stayed by the taking of a suspensive appeal until the end of the suit.
 

 An order to pay alimony, or to support an indigent wife, during the pendency of a suit for divorce or for separation from bed and board, is authorized by article 148 of the Civil Code, as amended by Act No. 130 of 1928, viz.:
 

 “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
 

 An order of court compelling a man to support his wife during the pendency of a suit for divorce or for separation from bed and board compels him merely to perform a natural obligation, for the neglect of which, even without any such order of court, he would be subject to criminal prosecution. How can it be said that such an order-can cause irreparable injury? The Code of Practice (art. 566) forbids a litigant to appeal suspensively
 
 *393
 
 from any interlocutory order, unless it be one which may cause irreparable injury.
 

 The statute which purports to authorize the district judge to compel a man to support his wife during the pendency of a suit for divorce or for separation from bed and board is absolutely useless and ineffectual if a man has the right to tie the hands of the court, so to speak, by taking a suspensive appeal. It is well settled and not disputed that an order to pay alimony pendente lite remains always subject to the control of the judge who rendered it, and may be amended or revoked by him at any time, according to the changing needs of the wife or means of the husband. ■How, then, can such an order be stayed or •suspended by the husband, by the taking of a suspensive appeal, as a matter of right? An order to pay alimony pendente lite is, in that respect, like an order giving the custody of minor children to one of the parties to a suit for divorce or for separation from bed and board. For the very reason that such an order remains under the control of the district judge, and may be by him changed or revoked at any time, .it was held in the case of Loeb v. Shanton, 168 La. 874, 123 So. 604, that such an order could not be stayed by the taking of a so-called suspensive appeal.
 

 The judge has the power to enforce such orders, pendente lite, in a suit for divorce or for separation from bed and board, by punishment for contempt. How can he possibly exercise such power if his hand may be arrested by the taking of a suspensive appeal as a matter of right? If he abuses his power in that respect he is subject to the control and supervision of the Supreme Court, under its supervisory jurisdiction; but to compel the judge to grant a suspensive appeal from an interlocutory order which in its very nature must be executed during the pendency of the suit is to compel him to stultify himself.