162 So. 772

HOGAN v. HOGAN et al.

No. 33165.

July 10, 1935.

See, also, 181 La. 27, 158 So. 610.

W. T. Holloway, of Jonesboro, for appellant.

H. W. Ayres, of Jonesboro, for appellees.

O'NIELL, Chief Justice.

This is a suit for a partition of the property belonging to the succession of the deceased grandparents of the plaintiff, and of the property belonging to the succession of a deceased uncle of the plaintiff. The property of both successions consists of real estate appraised at $1,537.50, promissory notes appraised at $952.40, and cash in bank, $388.50. It seems that the plaintiff claims a sixteenth interest in each succession. The defendants are his collateral relations, about twenty-two in number. The plaintiff prayed for a sale of the real estate by the sheriff and a division of the proceeds, and for a division also of the personal property and cash in bank. The defendants pleaded that the successions owed debts, and that an administration was necessary, and hence that the plaintiff's interest in the successions was only a residuary interest. The defendants pleaded, therefore, that the plaintiff had no right to provoke a sale of the property by the sheriff until an administration of the successions could be had. The judge, after hearing the evidence, decided that an administration of the successions was necessary, and rejected the plaintiff's demand for a partition. Six months after the judgment was signed the plaintiff appealed. Meanwhile, one of the defendants applied to be ap-

pointed administrator, and his application was opposed by the plaintiff in this suit, on the ground that there was no necessity for an administration of the successions. Aft-·er hearing evidence on the opposition, the judge decided again that an administration of the successions was necessary, and appointed the applicant administrator. That judgment was rendered and signed only thirteen days after the judgment in the present case was rendered and signed. The judgment ordering an administration of the successions and appointing an administrator is now more than a year old and has not been appealed from. On that statement of facts, the defendants, appellees in the present case, filed a plea of res judicata and a plea of estoppel; and the plaintiff, appellant, in answer to the plea of estoppel, has admitted the facts.

Whether the plea of res judicata and the plea of estoppel are or are not technically sound, it appears that the question of necessity for an administration of the successions is a closed issue. In fact, the administration of the successions has been going on, with the acquiescence of the plaintiff in this suit, for more than a year. Under these circumstances, the plaintiff has no right to have the sheriff sell the property belonging to the successions, to effect a partition by licitation, until the administration is terminated and the remainder of the estate is delivered to the heirs. In fact, the judge may eventually find it necessary or expedient to order the administrator to sell the property of the successions, or a part of it. At any rate, the judge was right in refusing to order a sale to be made by the sheriff, to effect a partition by licitation, during an administration of the estate by an administrator.

The judgment is affirmed.