JANVIER, Judge.
This matter is before us on motion of plaintiff-appellee to dismiss the devolutive appeal of the defendant on the ground that the appeal was taken from an interlocutory judgment and that no irreparable injury has been or can be caused by it.
The phase of the controversy which is before us results from a suit which was filed in the Circuit Court of Ashland County, in the State of Wisconsin. As a result of that suit, there was a consent decree in favor of plaintiff, Juanita Gierczic, the wife, and against Richard P. Gierczic, the husband, under which the said husband was ordered to pay to the plaintiff a very substantial amount in past due alimony installments and was also ordered to make certain regular future payments.
Alleging that the amounts due had not been paid, the wife brought this suit in the Civil District Court for the Parish of Orleans, and, alleging that Lykes Bros. Steamship Co., Inc., the employer of the defendant, was- indebted to him, prayed that the amount due and in the hands of the said employer, Lykes Bros. Steamship Co., Inc., be attached and held for the purpose of paying the judgment which might be rendered in favor of plaintiff in the Civil District Court, and plaintiff also prayed that the consent decree of the Court in Wisconsin be given full faith and credit here.
The attachment as prayed for was ordered issued and the defendant then moved to dissolve the attachment primarily on the ground that the Civil District Court was-without jurisdiction since the defendant,. Richard P. Gierczic, was not domiciled in. the State of Louisiana.
The matter came to trial before the Civil District Court for the Parish of Orleans both on the motion to dissolve the attachment and on the prayer of the plaintiff for a judgment giving full faith and credit to the judgment rendered in the Wisconsin court and ordering the garnishee, Lykes Bros. Steamship Co., Inc., to pay over to her the amount in its possession.
On March 12, 1962, a judgment was read, rendered and signed in favor of plaintiff *364 giving full faith and credit to the Wisconsin judgment, fixing the amount due to her by the defendant, overruling the motion to dissolve the attachment and ordering the amount held by the garnishee to be paid to the plaintiff. From this judgment the defendant appealed and it is that appeal which plaintiff now moves to dismiss.
As already stated, the ground on which the,motion is based is that the judgment, overruling the motion to dissolve the attachment, was interlocutory and that no irreparable injury repaired therefrom.
It is well recognized, of course, that where, in a suit for a moneyed judgment, there is a prayer for an attachment and the attachment is issued, if, while that suit is pending, the defendant moves to dissolve the attachment, no appeal will lie from a judgment overruling that motion, since that matter can be heard and determined when the appeal on the merits is heard. That principle is recognized in Hart v. Philipps, 1 Rob. 223; Powell v. Hopson, 12 La.Ann. 615; General Motors Acceptance Corp. v. McCarthy, La.App., 50 So.2d 520. A study of those cases, however, indicates that that principle is applicable only where the principal question at issue remains for determination and that principal question, together with the question of whether the attachment should be dissolved, may be presented on appeal. That principle has no application to a matter of this kind, since the entire controversy was heard below and judgment was rendered not only overruling the motion to dissolve the attachment, but also in favor of plaintiff and ordering payment by the garnishee of the amount due to the plaintiff under the judgment.
If there can be no appeal from the judgment, then the garnishee must at once pay over to plaintiff the amount in , its hands, and should the judgment giving full faith and credit to the Wisconsin judgment be reversed on appeal, then the defendant would have no recourse since the amount paid to the wife would no doubt not be available for repayment to him.
The motion to dismiss the appeal is overruled.
Motion Denied.
Supplemental Opinion
PER CURIAM.
Our attention is directed to the fact that, in our opinion rendered on October 1, 1962, we stated that the judgment from which the appeal had been taken not only overruled the motion to dissolve the attachment, but also granted full faith and credit to the judgment of the Wisconsin Court, and ran in favor of the plaintiff for certain monetary amounts due as alimony. As a matter of fact, there were two separate judgments, one dated January 9, 1962, which overruled the motion to dissolve the attachment and overruled the exception to the jurisdiction, and from which judgment the appeal was taken and which we feel should not be dismissed.
The other judgment was rendered on March 12, 1962; it granted full faith and credit to the Wisconsin judgment; it maintained the writ of attachment and ordered that the judgment be paid out of the funds attached. There has been no appeal from that judgment.
We make this statement merely to correct a factual error in our original opinion.