REGAN, Judge.
Plaintiff, Juanita Gierczic, instituted this suit in order to obtain recognition, in this state, of a judgment emanating from a Wisconsin court, by virtue of which she asserted that her former husband, Richard Gier.-czic, was indebted to her for past due alimony and child support, and in conjunction therewith caused a writ of attachment to issue, directed to Lykes Brothers Steamship Company, Inc., Richard Gierczic’s employer, ordering it to withhold from him any funds due, pending the outcome of this litigation.
A curator ad hoc was appointed to represent the husband; however, he subsequently retained his own counsel, who replaced the curator. Defendant then filed an exception to the jurisdiction ratione personae together with a motion to dissolve the garnishment by attachment.
The exception to the jurisdiction and the motion to dissolve were argued and thereafter the trial court, on January 9, 1962, rendered a judgment overruling the exception and refusing to dissolve the writ of attachment. In this judgment, the trial court allowed the defendant fifteen days time in which to file an answer.
On January 24, 1962, defendant’s attorney obtained an order which extended the time for an additional fifteen days within which to file an answer. No answer was filed within this period and on February 13, 1962, a preliminary default was entered against the defendant. On March 12, 1962, the judgment was confirmed and therein the Wisconsin judgment was given full faith and credit, a money judgment for $2,790.05 was rendered and the garnishment was maintained.
On April 2, 1962, defendant’s counsel obtained an order which granted him a devolutive appeal from the judgment rendered under date of January 9, 1962.
Plaintiff’s attorney subsequently filed a motion to dismiss this appeal for the reason that the judgment appealed from was interlocutory and therefore could not be appealed, which this court inadvertently denied La.App., 145 So.2d 362, and the matter was argued to us on the merits.
On further consideration, we are of the opinion that we erred in not dismissing the appeal, since it specifically designated that the defendant was appealing from a judgment which overruled an exception and refused to dissolve a writ of attachment.
LSA-C.C.P. Article 2162 provides in part:
“An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if under the rules of the appellate court, the appeal has been abandoned.”
Since an appeal is only permitted from final judgments, or interlocutory decrees *86 which will cause irreparable injury, we possess no jurisdiction to entertain an appeal in this matter since the defendant has failed to show irreparable injury as the result of the interlocutory decree.
LSA-C.C.P. Art. 2083 provides:
“An appeal may he taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
A judgment overruling an exception to the jurisdiction of the court ratione materiae or personae is an interlocutory decree,[1] and in the absence of irreparable injury, it is not appealable.
For the reasons assigned, the appeal is dismissed.
Motion to dismiss sustained.

. Woodcock v. Cretan, La.App., 28 So.2d 61.