REID, Judge.
This is a suit brought by plaintiffs against defendants for breach of contract for the purchase of some of the assets of Finance Investment Corporation coupled with the following allegations by which the plaintiffs alleged, in the alternative, a claim for damages :
“15.
“Alternatively, and on information and belief, petitioners allege that during the period of their occupancy of the Baton Rouge Office of Finance Investment Corporation, X-L Finance Company, *378 Inc., and its agents, representatives and employees did review all of the accounts and account cards of the customers of Finance Investment Corporation and did select therefrom those debtors whose accounts were desirable ones and profitable ones and said agents, representatives and employees of X-L Finance Company, Inc., did then and there make a concentrated and deliberate effort to contact said borrowers and to pay off their accounts with Finance Investment Corporation and to have said accounts reopened in X-L Finance Company, Inc; .thus taking from Finance Investment Corporation its best, most profitable and most valuable accounts and leaving it with an overall portfolio of accounts of considerably less value than it had previously, had.
“16.
“This invasion of plaintiff’s trade relations with its customers was made-possible by virtue of defendant’s free access to the records and files of plaintiff-company, which free access was granted to defendant in order that it could purchase the company, and it was not intended by plaintiff or defendant that defendant would use the said records filed in order to deprive plaintiff of its regular established customers in the event the said sale was not executed.
“17.
“In furtherance of this plan to deprive plaintiff of its regular established customers, defendant made a concentrated effort to contact by mail and by telephone all accounts which it desired to transfer to itself and requested that they contact X-L Finance Company in order to transfer their account to X-L Finance Company.
“18.
“Defendant, through its agents, and representatives, represented to customers of plaintiff that X-L Finance Company had taken over Finance Investment Corporation and that they should transact their business at X-L Finance Company, Inc.
“19.
“In order to further deprive plaintiff of its prime customers, defendant hired the former Manager of Finance Investment Corporation, James H. Miranda,, in order that he could deal with the established customers of Finance Investment Corporation.
“20.
“Plaintiff, during the period the accounts were transferred to X-L Finance Company, Inc., was not aware of the extensive transfer of accounts-which was taking place as X-L Finance-Company, Inc., was in control of the operations of Finance Investment Corporation.
“21.
“As a result of the said diversion of accounts defendant obtained customers-which plaintiff had built up over the-years by advertising and a program of' establishing a congenial relationship-with customers all at great expense and: effort.
“22.
“As a result of the foregoing acts on; the part of X-L Finance Company,. Inc., its agents and employees, the value of the Baton Rouge office of Finance-Investment Corporation was decreased1 by the sum of $29,500.00 which amount petitioners are entitled to recover from< defendant.”
The defendants first filed a declinatory-exception of improper venue based on the proposition that the defendant corporation was domiciled in the Parish of Orleans and', that this suit is an action ex contractu. The-Lower Court overruled the exception of improper venue and defendants first applied *379 ••to this Court for writs which were refused, then appealed devolutively from this judg•ment.
Plaintiffs filed a motion to dismiss the appeal, which we will take up first.
Appealable judgments are provided by Article 2083, LSA-C.C.P. as follows:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
Interlocutory and final judgments are defined in Article 1841, LSA-C.C.P., which -.reads as follows:
“A judgment is the determination of the rights of the parties in an action •and may award any relief to which the parties are entitled. It may be interlocutory or final..
“A judgment that does not determine "the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
Our Appellate Courts have repeatedly held that a judgment overruling the de-clinatory exceptions is interlocutory in character and not such a decree as would sustain an appeal.
Rector v. Allied Van Lines, 198 So. 516 holds as follows:
“ * * * Incidently, we are unable to review the decree of the district court in each case overruling the above-mentioned declinatory exceptions, as defense counsel request us to do, because it is not such a decree that would sustain an appeal. It is only interlocutory in character, and has caused defendants no irreparable injury.”
See also Gierczic v. Gierczic, 150 So.2d 84, and Keller v. Thompson, 134 So.2d 395.
Our Brothers of the Third Circuit in Keller v. Thompson, supra, held:
“This doctrine thus applies, although a judgment overruling an exception of no cause of action and remanding the suit for trial on the merits is indeed merely an interlocutory judgment deciding only preliminary matters in the course of the action. It is thus not a final judgment determining the merits in whole or in part.”
The only instances in which an appeal is allowed is where irreparable injury is shown. There is no showing whatever of any irreparable injury in this matter.
For the foregoing reasons it is ordered that the motion to dismiss the appeal be sustained, the appeal dismissed, and the matter remanded to the Lower Court for trial, costs of this appeal to be borne by the appellant.
Appeal dismissed and case remanded.