•CHASEZ, Judge.
■ The plaintiffs, 'Lafayette Insurance Company and' Equitable Fire and Marine Insurance Company of America brought suit as subrogees against Charles Tassin, Mrs. Charlene Tassin, wife of "Thomas' Wormack, Thomas Wormack and Melvin Roberts, d.b.a. Esso Service Station, for damages arising’ out of an’ accident in which an automobile driven by. Mrs. Charlene Tassin, wife of Thomas Wormack, struck the store front of Shoe 'Town Store at 7777 St. Bernard Highway in the Parish of St. Bernard. This accident occurred.in November,- 1964, according to the- allegations of the petition, and Mrs. Wormack was an unmarried minor at the time.- This suit was filed July 1, 1965 in the Civil District Court for the Parish of Orleans. ■ .
- Charles Tassin, Thomas Wormack and Mrs. ‘ Charlene Tassin (Wormack) filed a declinatory' exception of improper venue, contending that all of the defendants reside in the Parish of S't. Bernard and’ that the accident occurred in St. Bernard, Parish, therefore suit should hav.e been filed there.
Testimony adduced ;at. ,the hearing of the exception was to the effect that all of the defendants' lived in .Sti Bernard Parish'at 'the timé suit was filed, .but that Mr. Wor'mack, the-owner of the. of fending automobile,' lived in Orleans Parish at the time of the accident, and-moved to St. Bernard Parish in December of 1964. We note therefore that the suit against the defendant, Mr. Wormack, in the Parish of Orleans, even .though he had moved to the Parish of St. Bernard, is tenable under the provisionsi of .Article-71-of .the Code of Civil Procedure:
.'‘ACTION against . individual- who has changed domicile
“An action against, an individual who has changed his domicile from one parish to another may be brought in either' parish for a period of one year from the date of the change, unless he has filed a declaration .of intention to .change his domicile, in the manner proyided by law.” •' - '
The District Court overruled the exception of venue and the exceptors have appealed. The plaintiffs have-filed into this Court a motion to dismiss' the appeal on the grounds defendants will not suffer irreparable injury ánd consequently an appeal does not lie from an. interlocutory judgment overruling declinatory exceptions.
. The right to appeal is governed by Article 2083 of the Code of Civil. Procedure.
“Judgments appealable.'
“An appeal may be taken from a final judgment • rendered in causes in which appeals are given by law whether rendered after hearing or by default, and -from an interlocutory judgment'. which may cause irreparable injury.”
Thus, unless the judgment sought to be appealed is a final judgment, irreparable injury must be' shown. The case of Bryant v. X-L Finance Company, 166 So. *927 2d 377 (La.App.1964) is most pertinent. It ruled on the same question presented here, i.e., whether a judgment overruling an exception of improper venue is appealable. The court held that no appeal would lie as no irreparable injury was shown.
Likewise, under the circumstances here, there is no such showing in this case, although counsel for defendants argues that the defendants will be compelled to undergo the expense of trying the case before the matter of proper venue can be determined in this court. This is insufficient of itself to be considered irreparable injury. The appeal is dismissed, and case remanded.
Appeal dismissed, case remanded.