302 So.2d 399 (1974)
Zola Mae David FONTENOT et al.
v.
Charles J. O'BRIEN et al.
No. 9915.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
*400 James A. George, Baton Rouge, for appellants.
William C. Bradley, Baker, for appellees.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
BALANCHE, Judge.
This is a devolutive appeal taken by defendants from the trial court's judgment, overruling their declinatory exception urging lack of personal jurisdiction over the defendants. We issued a show cause order to determine whether this Court would assume appellate jurisdiction of the case.
It has been well settled that the overruling of an exception to a trial court's jurisdiction over the person is an interlocutory judgment, and, in the absence of a showing of irreparable injury on the part of defendants-appellants, is not appealable, Alexander v. Hancock Bank, 241 So.2d 810 (La.App. 3rd Cir. 1970); Gierczic v. Gierczic, 150 So.2d 84 (La.App. 4th Cir. 1963), cert, ref., 244 La. 219, 151 So.2d 692.
Louisiana Code of Civil Procedure Article 2083 provides the types of judgments which are appealable, to-wit:
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
The dismissal, ex proprio motu, of this attempted appeal from the interlocutory judgment herein is sanctioned by Louisiana Code of Civil Procedure Article 2162 as follows:
"An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
"If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court."
Defendants have failed in the instant case to demonstrate any irreparable injury, Gierczic v. Gierczic, cited supra, with the result that the appeal herein must be dismissed.
For the foregoing reasons, the appeal herein is dismissed at the cost of defendants-appellants.
Appeal dismissed.