320 So.2d 331 (1975)
STAHLMAN LUMBER COMPANY-DIVISION OF STACO MANUFACTURING COMPANY, Plaintiff-Appellee,
v.
Jere FERRILL, Defendant-Appellant.
No. 5230.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1975.
*332 William Koerber, Vidalia, for defendant-appellant.
Falkenheiner, Calhoun and Murray by George C. Murray, Jr., Vidalia, for plaintiff-appellee.
Before FRUGÉ, HOOD and MILLER, JJ.

MOTION TO DISMISS
HOOD, Judge.
The plaintiff-appellee, Stahlman Lumber Company, moves to dismiss the appeal of defendant, Jere Ferrill, on the ground that the judgment rendered by the trial court is a non-appealable interlocutory decree. The matter is before us solely on that motion.
This suit was instituted by Stahlman Lumber Company against defendant Ferrill in the Seventh Judicial District Court, Parish of Concordia. Alleging that Ferrill resides in the State of Mississippi, plaintiff obtained a non-resident attachment of real property owned by defendant in Concordia Parish. An attorney was appointed to represent the defendant, and service of process was made on defendant through that attorney. Ferrill has never been personally served with process.
Defendant, through his own counsel, filed a declinatory exception to the jurisdiction of the district court and a motion to dissolve the writ of attachment. He alleged as grounds for the exception and motion that "at all times material to this suit, defendant was a resident of and domiciled in Concordia Parish, Louisiana, and he has not been properly served with citation and process."
The exception and the motion were tried, and thereafter judgment was rendered by the trial court in favor of plaintiff (1) overruling defendant's exception to the jurisdiction of the court, (2) denying his motion to dissolve the attachment, and (3) granting defendant until July 1, 1975, to file his answer. Defendant appealed from that judgment.
After the appeal was perfected, Stahlman Lumber Company, the plaintiff-appellee, filed in this court a motion to dismiss the appeal taken by Ferrill, alleging as grounds therefor that the judgment from which this appeal is taken "is an interlocutory judgment that may not cause irreparable injury to the appellant and is therefore not appealable."
LSA-C.C.P. art. 1841, which defines judgments, provides:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

*333 "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
"A judgment that determines the merits in whole or in part is a final judgment."
LSA-C.C.P. art. 2083, relating to appeals, provides in part that "An appeal may be taken from a final judgment. . . and from an interlocutory judgment which may cause irreparable injury."
Plaintiff contends that the decree of the trial court is an interlocutory judgment which cannot cause irreparable injury, and that it thus is not appealable. Defendant contends principally that it is a final judgment, and alternatively, that it is an interlocutory judgment which may cause irreparable injury.
We believe that a judgment overruling an exception to the jurisdiction of the court is a non-appealable interlocutory judgment. Woodcock v. Crehan, 28 So.2d 61 (La.App. 1 Cir. 1946); Gierczic v. Gierczic, 150 So.2d 84 (La.App. 4 Cir. 1963). See also LSA-C.C.P. art. 2083 Comment (a), Par. 5.
Our jurisprudence also is settled that a judgment denying a motion to dissolve an attachment or sequestration is an interlocutory judgment which does not cause irreparable injury, and that such a judgment thus is not appealable. See Smith v. Utility & Maintenance Contractors of America, Inc., 301 So.2d 906 (La. App. 2 Cir. 1974), and cases cited therein. An exception to that rule has been recognized where the motion to dissolve the attachment or sequestration is accompanied by an incidental demand for damages for the wrongful issuance of the writ. Smith v. Utility & Maintenance Contractors of America, Inc., supra; Talley v. Bradley, 177 So.2d 629 (La.App. 3 Cir. 1965). In Talley v. Bradley, supra, for instance, we said:
"Although the judgment appealed from did not decide all points in controversy between the parties, it did constitute a final judgment on the incidental demand of defendants for damages for the wrongful issuance of the writ of sequestration. As to that issue it has acquired the authority of the thing adjudged.. . ."
In the instant suit defendant has not demanded damages for the alleged wrongful issuance of the writ of attachment. In his motion to dissolve the attachment, he prayed solely that "the writs of attachment heretofore issued be dissolved."
Defendant recognizes the above rules. He points out, however, that in this case he "could not seek damages for wrongful attachment unless he submitted to the jurisdiction of the court," and he argues that under those circumstances "the judgment should be treated as an appealable final judgment on an incidental demand." He also argues that the judgment "resolved the issue of residency in favor of plaintiff," and for that additional reason it is appealable.
We find no merit to these arguments. Since defendant sought only to dissolve the attachment and did not also demand damages for the wrongful issuance of the writ, the decree rendered by the trial court is an interlocutory non-appealable judgment.
Defendant contends, alternatively, that even though the judgment appealed from is interlocutory, it causes irreparable injury and thus it is appealable. His argument is that if he elects not to appear and claim damages for the wrongful issuance of the writ, he will be precluded from recovering such damages, "even if the case is subsequently reversed on appeal after final judgment on the merits," and that he thus may suffer irreparable injury.
We express no opinion as to the rights which defendant may or may not have under the above circumstances. We hold, however, that under our established jurisprudence *334 the decree rendered by the trial court is an interlocutory non-appealable judgment, since defendant did not demand damages in connection with his motion to dissolve the attachment. That conclusion is compelled, we think, regardless of the effect which defendant's failure to claim damages may have on his ultimate right to recover them.
For the reasons herein assigned, the motion of plaintiff, Stahlman Lumber Company, to dismiss the appeal taken by defendant, Jere Ferrill, is granted, and accordingly the appeal is ordered dismissed. The costs of the appeal are assessed to defendant-appellant.
Appeal dismissed.