CHIASSON, Judge.
This appeal has been brought from a judgment of the District Court awarding Mary Lou Cavet Delapasse, plaintiff-appel-lee, attorney’s fees in the amount of $200.00 plus costs following a hearing on a “Motion to Compel Production of Documents and for Contempt.”
The minute entry in this case for June 4, 1976 states:
“For oral reasons this date assigned, the Court overruled the exception of jurisdiction, filed on behalf of defendant; overruled the motion filed by defendant, through counsel; granted the motion and order to compel the production of documents, filed on behalf of plaintiff, and set the date for the production for the 16th day of June, 1976 at 10:00 a. m.; awarded plaintiff attorney’s fees in the sum of $200.00, plus costs; and denied the motion to have the defendant adjudged in contempt.”
The signed judgment dated August 26, 1976, provides only for the award of attorney’s fees of $200.00 and costs.
Mary Nell Phillips, defendant-appellant, contends:
“1. The District Court erred in overruling defendant’s exception to the Court’s jurisdiction, as defendant is a non-resident of this State.
“2. The District Court erred in granting plaintiff judgment for attorney fees for failure to answer interrogatories and produce documents, in view of the fact that defendant’s Exception to the Jurisdiction was pending and had not been tried prior to the rendition of the judgment for attorney fees.”
A judgment overruling a declinatory exception of lack of personal jurisdiction is an interlocutory judgment and is not ap-pealable, absent a showing of irreparable injury. Fontenot v. O’Brien, La.App., 302 So.2d 399 (1st Cir. 1974). Because there has been no showing of irreparable injury, the judgment overruling the defendant’s exception is not appealable.
The judgment awarding attorney’s fees and costs, while rendered in favor of the plaintiff, cast neither the defendant nor her attorney to pay this award. There are cases[1] holding as valid judgments reading “for the plaintiff” or “against the defendant”. In these cases, however, the parties thus designated could be ascertained without ambiguity from other parts of the record. In the present case this cannot be done because the order signed by the District Judge is for the defendant and her attorney to show cause why they should not pay attorney’s fees and the costs of the hearing.
Additionally, the failure to specify the party cast makes it impossible to determine whether the judgment is appealable. Berard v. American Employers Insurance Company, La.App., 246 So.2d 686 (1st Cir. 1970).
For these reasons, the appeal is dismissed insofar as it pertains to the exception of lack of personal jurisdiction and remanded to the District Court for a determination of the party or parties cast on the question of the award of attorney’s fees and costs.
Costs of this appeal to be paid one-half by the plaintiff and one-half by the defendant.
DISMISSED IN PART AND REMANDED IN PART.

. Glen Falls Indemnity Co. v. Manning, 168 So. 787 (Ct. of App.-Orleans, 1936); Siekmann v. Kern, 136 La. 1068, 68 So. 128 (1915).