CHIASSON, Judge.
The defendants-appellants, Gary Anthony Pavlo, Anthony Pavlo, and Marlene Pavlo, appeal the decision of the trial court overruling the declinatory and dilatory excep *391 tions filed on their behalf objecting to the jurisdiction of the Court and the improper cumulation of actions. We dismiss this appeal for lack of the right to appeal.
It is well settled that the overruling of declinatory and dilatory exceptions are not appealable unless there is a showing of irreparable injury on the part of defendants-appellants. Delapasse v. Phillips, 348 So.2d 754 (La.App. 1st Cir. 1977) and Fontenot v. O’Brien, 302 So.2d 399 (La.App. 1st Cir. 1974).
As stated in the Fontenot case, supra, at page 400:
“Louisiana Code of Civil Procedure Article 2083 provides the types of judgments which are appealable, to-wit:
‘An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.’
“The dismissal, ex proprio motu, of this attempted appeal from the interlocutory judgment herein is sanctioned by Louisiana Code of Civil Procedure Article 2162 as follows:
‘An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned. * * * ”’ (Emphasis ours)
There has been no showing or even an attempt to show any irreparable harm on the part of the defendants-appellants. Therefore, this appeal must be dismissed.
For the foregoing reasons, the appeal herein is dismissed at the cost of the defendants-appellants and the case is remanded to the trial court for further proceedings.
APPEAL DISMISSED; CASE REMANDED.