CRAIN, Judge.
This matter commenced as a suit for a divorce by Harry W. Hose (husband), a resident of Louisiana, against Brenda Irene Hose (wife), a resident of Florida. Subsequently, the husband filed a petition for the temporary custody of the couple’s two minor children, Keitha Lynn Hose and Harry Wayne Hose. The wife filed declinatory exceptions of lack of jurisdiction over her person[1] and lis pendens (alleging that proceedings had been filed in Florida). After a hearing, the trial judge granted the temporary custody of the children to the husband, ordered the Louisiana Department of Health and Human Resources to conduct home studies on the husband and wife and overruled the exceptions. The wife qualified in forma pauperis and took this devolu-tive appeal contending that the trial court committed error by giving the temporary custody of the children to the husband and by overruling the exception of lack of jurisdiction.
FACTS
The parties were married in Florida in 1975 and moved to Louisiana in 1979. In August of 1982, the wife left Louisiana and went to Georgia taking the children with her. The husband followed and the couple remained in Georgia until the beginning of December 1982 when they went to Miami, Florida to visit their parents. In February of 1983, the husband returned to Louisiana, but the wife remained in Florida with the children. On March 9, 1983, the husband filed this suit for a divorce alleging adultery. He then returned to Florida, picked up the two children and returned to Louisiana.
PROYIDENCY OF THIS APPEAL
An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. La.C.C.P. art. 2083. . A judgment overruling an exception of lack of personal jurisdiction is an interlocutory judgment which is not appealable absent a showing of irreparable injury. Pavlo v. Pavlo, 396 So.2d 390 (La.App. 1st Cir.1981); Delapasse v. Phillips, 348 So.2d 754 (La.App. 1st Cir.1977); Stahlman Lumber Company-Division of Staco Manufacturing Company v. Ferrill, 320 So.2d 331 (La.App. 3rd Cir.1975). Cf. Brian v. Target, Inc., 395 So.2d 372 (La.App. 1st Cir.1981).
A custody judgment incidental to a principal demand for divorce is an interlocutory judgment. La.C.C.P. art. 1841; Mertens v. Mertens, 308 So.2d 508 (La.App. 3rd Cir.1975), writ denied, 313 So.2d 240 (La.1975). Cf. Loeb v. Shanton, 168 La. 874, 123 So. 604 (1929); Courtin v. Browne, 151 La. 741, 92 So. 320 (1922).
Because the wife has failed to allege or demonstrate irreparable injury, this appeal will be dismissed. La.C.C.P. art. 2162; Pavlo, 396 So.2d at 391; Fontenot v. O’Brien, 302 So.2d 399 (La.App. 1st Cir.1974).
Although the wife has taken this appeal in forma pauperis, she is responsible for payment of the costs. La.C.C.P. art. 5188; Smith v. AMF Tuboscope, Inc., 442 *911 So.2d 679 (La.App. 1st Cir.1983); Williams v. Dupre, 347 So.2d 1214 (La.App. 1st Cir.1977).
DECREE
For the foregoing reasons, the wife’s appeal is dismissed at her costs.
APPEAL DISMISSED.

. At the hearing on the exception, the wife contested the jurisdiction of the court over the children. She raises that same issue in this appeal.